Matthew M. Levy, J.
In this personal injury action, wherein the plaintiff has alleged substantial loss of earnings for a number of years, the defendant Consolidated Edison has moved for an order requiring the plaintiff to discover and permitting the defendant to inspect the plaintiff’s income tax returns for the relevant years —1960 through 1963.
It is now established that, where a plaintiff in a negligence action puts in issue the matter of his loss of earnings, a defendant may secure discovery and inspection of the plaintiff’s pertinent income tax returns (Elmer v. Byrd, 32 Misc 2d 408, affd. 16 A D 2d 744).
The plaintiff acknowledges that, for pretrial discovery purposes at least, these tax returns are material and necessary to the defense of the action; and the plaintiff has given the defendant a copy of the only tax return in his possession (1963), together with his written consent, addressed to the United States Internal Revenue Service, authorizing the defendant’s attorney to obtain copies of the plaintiff’s tax returns. The defendant’s attorney advises the court that these authorizations have served no useful purpose, since the rules and regulations of the Internal Revenue Service apparently require that, before his tax returns will be released, the taxpayer appear personally at the office of the District Director of Internal Revenue and sign authorizations in the presence of an employee thereof. The defendant urges, therefore, that, however well-intentioned the plaintiff has been, and with full realization of the inconvenience to be visited on the plaintiff, the plaintiff should be directed, in aid of the defendant’s right to the discovery and inspection, to appear personally at the District Director’s office and to execute all forms necessary to secure copies of the tax returns.
Section 324 of the Civil Practice Act (predecessor of CPLR 3120) has been so construed as to hold that tax returns on file with the Internal Revenue Service are “ under the control ” of the taxpayer and the courts have directed him to make application to the tax authorities for copies of his returns (Gould v. Sullivan, 54 N. Y. S. 2d 430, affd. 269 App. Div. 737). Of course, the courts should be careful, in a matter of this sort, to insure that the demands made are not improper or unreasonably burdensome.
The defendant acknowledges the equitable considerations to be weighed and suggests, indirectly, that the inconvenience *135 caused to the plaintiff might be offset by conditioning the grant of its motion upon defendant bearing all expense incurred in obtaining certified or other copies of the returns. (See Sperling v. Alimo, N. Y. L. J., May 3, 1962, p. 16, col. 7). Under all the circumstances, the court is disposed to grant the relief sought upon the condition noted. Such expenses shall, of course, include not only administrative agency fees (if any), but plaintiff’s out-of-pocket expenses for attending at the District Director’s office, and also for appropriate duplicates for the plaintiff of the copies of any documents made at the Internal Revenue Service for delivery to the defendant.