Gut Gilbert Ribaudo, J.
This is an application pursuant to CPLR 3120 (subd. [b]) for 'an order permitting the defendant to inspect and copy the customs declaration filed by the plaintiff on or about June 18, 1965 with .the United States Collector of Customs, Air Transport Division, John F. Kennedy International Airport in New York. The plaintiff is suing the defendant for the loss of two suitcases 'and their contents. During the taking of Ms deposition the plaintiff, when questioned about the value of certain articles alleged to have been in the suitcases, stated that he had brought them in from abroad (and particularly the' necklace) just prior to the loss. The court will take judicial notice of the fact that anyone entering .the United States from a foreign country must file a customs declaration setting forth the value and describing articles purchased abroad. This motion Was .served upon the plaintiff and upon the Collector of Customs, Air Transport Division. The Bureau of Customs, through its attorney, opposes the motion first on the ground that *295 service of the within papers was not made upon the Director of Customs or the Secretary of the Treasury and, -secondly, that the court should -order the plaintiff, who is not the moving party, to obtain the copy of the customs -declaration in accordance with the order entered in Altman v. City of New York (46 Misc 2d 133).
Insofar as the question -of -service, the court finds that under all the circumstances ¡service on the Collector of Customs, Air Transport Division, was sufficient to give due notice to both the Director of Customs and the Secretary of the Treasury. It is very possible the civil practione-rs may easily become confused with the myriad of bureaus, agencies and divisions in the Federal administration. In any event, the (Government has appeared and urges the application of the Altman case (supra).
The plaintiff has put in issue the matter of the value of his loss and the defendant has established the materiality and necessity of the document. Under -such circumstances the defendant may secure discovery -and inspection of the plaintiff’s pertinent customs declaration. This, however, in view of the Code of Federal Regulations (tit. 19, §§ 26.3 and 26.4), namely, the regulations promulgated pursuant to the United States Code (tit. 5, § 22), presents certain difficulties. In order to protect the document in question pursuant to -any Federal law or regulation, it is necessary that the plaintiff (who is the importer of the merchandise) authorize the attorney for the defendant to inspect and copy ¡or obtain ¡a certified copy of the customs declaration made by said plaintiff on or about June 18, 1965 which refers to the articles involved in this action.
Accordingly, the plaintiff is directed to execute -and deliver to defendant’s attorney herein within 10 days from date hereof an authorization in the form required by the customs authorities permitting said defendant to inspect and copy the afore-mentioned customs declaration. Said authorization shall be addressed to the Hon. Michael Stramiello, Jr., Regional Commissioner of Customs, Custom House, New York, New York.
Upon any use of the aforesaid document, plaintiff, if he be so advised, may invoke any and all privileges, immunities or other-safeguards concerning the information contained in such declaration. Motion is granted in accordance with the above directions.