John D. Bennett, J.
An order and two counterorders have been submitted for settlement pursuant to decision of this court dated April 8, 1968.
A controversy exists concerning what expenses are to be allowed to a nonparty pursuant to CPLR 3120 (subd. [b]). The court has been unable to find any case law on the question but has carefully reviewed the 1966 report of the Judicial Conference as well as the commentary of Professor Siegel in the McKinney reports (McKinneys Cons. Laws of N. Y., Book 7B, CPLR 3120). It may well be that attorneys’ fees would be allowed to a nonparty for services rendered during the course of the discovery and inspection but it is questionable whether or not attorneys’ fees would be allowed on the motion. In any event, it would appear that the allowance of fees is in the discretion of the court and because of the relationships of the parties and nonparty (the nonparty herein is the husband of one of the parties), the court will not allow the nonparty *581 expenses for Ms attorney. The court will allow, however, any reasonable and proper expenses incurred by the nonparty as the result of the order permitting the discovery and inspection. However, the said nonparty has not submitted an itemization of the reasonable and proper expenses incurred. The court will, therefore, not make such an allowance at this time but will permit the nonparty to make an application for same after the completion of the discovery and inspection.
The costs and expenses involved in the discovery and inspection are to be borne by the movants and the court will make a determination at a later date whether or not they are proper administration expenses.
Accordingly the counterorder submitted by the attorney for the accountant, Millie K. Mason, will be signed after the last ordering paragraph has been deleted and there has been substituted an ordering paragraph to comply with the findings herein.