Leonard L. Fine, J.
On this motion brought under CPLR 3120, defendant moves for an order precluding the plaintiff from offering any evidence upon the trial, upon the ground that the plaintiff has willfully failed to submit the property, which is the subject of the action, for inspection and disclosure. In opposing the motion, plaintiff alleges that the subject property is neither in the possession, custody nor control of the plaintiff, but in the control of a third person, not a party to this action.
Since the procedure for discovery and inspection of property in the possession and control of a nonparty is relatively new, *375 it having been inserted by amendment under CPLR 3120 (subd. [b]) and in the absence of any specific reported case on the instant subject (see Goldsmith v. Hotel Park Sheraton, 54 Misc 2d 294), the court will briefly set forth what steps the moving party should have pursued but failed so to do in the instant case.
Under CPLR 3120 (subd. [b]) “ A person not a party may be directed by order to do whatever a party may be directed to do under subdivision (a). The motion for such order shall be on notice to all adverse parties; the non-party shall be served with the notice of motion in the same manner as a summons. The order shall contain, in addition to such specifications as the notice is required to contain under paragraph two of subdivision (a), provision for the defraying of the expenses of the non-party.” (Judicial Conference [1966], Report to 1966 Legislature on Changes in CPLR, p. 33.)
The effect of CPLR 3120 (subd. [b]) is to give the power to the court over nonparties who have the control and possession of property which would be the proper subject of a discovery proceeding if said property were within the possession and control of a party to the action. The procedure covered by the subject section is undergoing judicial testing to determine the scope and control over Avhich a nonparty can be subjected. To this extent, the collateral question of fees and expenses allowable to nonparties under this section is discussed in Matter of Stauderman (56 Misc 2d 580), which subject is also treated by Professor David D. Siegel in the Supplementary Practice Commentary of McKinney’s Reports (McKinney’s Cons. Laws of New York, Book 7B, CPLR 3120).
Although CPLR 3120 is silent with respect to the disclosing of the name and address of the nonparty in whose control the subject property remains, it would appear that the necessity of such disclosure would transcend the rule’s silence. To that extent the plaintiff is directed to furnish movant with the name and address of the subject nonparty within 10 days of the filing of this opinion, or in the alternative a statement that said name and address are unknown to him.
Accordingly, the motion is denied, without prejudice and Avith leave to make proper application upon proper papers in accordance with the procedure set forth in CPLR 3120 (subd. [b])-