Daniel E. Macken, J.
In connection with an examination of plaintiff Marie Czekanski, consented to by plaintiffs, defendant secured from plaintiff on a form furnished by defendant, and purporting to be “ pursuant to the provisions of Section 3121 CPLR ”, written authorization “ to examine, and/or to obtain or make copies of all or portions of” certain hospital records. The authorization further stated “ I understand that, if copies of all or portions of said hospital records are obtained pursuant to this authorization, a duplicate copy thereof will be furnished *116 to me by said attorneys In Ms letter enclosing the signed authorization, plaintiffs’ attorney stated “We shall expect a copy of these records sent to us in accordance with Section 3121 of the Civil Practice Law and Bules ’ ’. In discussion with plaintiffs’ attorney following receipt of this letter, defendant’s attorney stated his position to be that if copies of all or part of the record were made, duplicates would be furnished plaintiff, but that if the records were inspected without copies being made, no copy would be furnished. This motion resulted.
At this date the records have neither been examined nor copied. Defendant, however, does not urge that the motion is premature. While the authorization, in form, permitted the defendant ‘ ‘ to examine, and/or ’ ’ obtain copies of the record, and further stated that duplicate copies would be furnished “ if copies of all or portions ” of the records were obtained, defendant, on the argument, waived any defense to the motion on the basis of the particular wording of the authorization and both parties ask that the motion be decided on the issue of whether or not the provisions of section 3121 require that the party to whom the record is made available furnish a copy to his adversary regardless of whether copies are made or obtained by him.
It seems to me that the answer is found in the plain wording of the section “ where a party obtains a copy of a hospital record as a result of the authorization of another party, he shall deliver a duplicate of the copy to such party ” (italics supplied). The commentary following the section in McKinney’s Consolidated Laws (Book 7B) states: “ This notice may also require authorization to obtain and make copies of hospital records, in which case copies thereof must be supplied to the party giving such authorization.” (Italics supplied.)
In Weinstein-Korn-Miller, New York Civil Practice (Vol. 3, § 3121.15) appears: “It [CPLB 3121] requires the party who obtains a copy of the hospital record to deliver a duplicate to the party who authorized obtaining the copy. If a copy has already been obtained, there is, however, no reason to ask for another. The clause is designed to minimize repetitive demands upon hospitals.” (Italics supplied.)
In Wachtell, New York Practice Under The CPLB (p. 256) appears: “ Where a copy of such records [is] obtained pursuant to such authorization, the examining party must deliver a duplicate copy to the party who furnished the authorization (Italics supplied.)
It is obvious to me that the section was designed to permit a defendant to examine plaintiff’s hospital record, and if he *117 chooses to obtain or make a copy of all or part of the record, and only in that event, he must furnish plaintiff a duplicate of whatever he copies.
The motion is accordingly denied.