OPINION OF THE COURT
Louis D. Laurino, S.
This is a proceeding by an adult adoptive person for access and inspection of the sealed court record of his adoption.
The controlling statute (Domestic Relations Law, § 114) *225 provides that all "papers” filed with the court in an adoption proceeding be placed in a sealed record and that no one be permitted access thereto except for good cause shown after due notice has been given to "the adoptive parents and to such additional persons as the court may direct.”
By way of review, it was the opinion of the court at the commencement of this proceeding that the petitioner’s natural parents were necessary parties herein and in order to satisfy due process and insure their continued anonymity, the court designated a person to receive process in their behalf (see prior decision, Matter of Anonymous; 89 Misc 2d 132). When service of process was thus completed, the designated person was appointed their guardian ad litem, and pursuant to the court’s decision, the scant information provided by the adoption record concerning the identity of the petitioner’s natural parents was revealed to him. It was through the guardian’s extraordinary efforts that he located the present whereabouts of both his wards. After communicating with them and counseling them of their rights, the guardian received the consent of each of them to reveal their present names and addresses to the petitioner — information which, in fact, is far in excess of that provided by the sealed record.
In view of his wards’ consent, the guardian applied to the court for advice and direction, and it was the court’s opinion that despite their consent and the default in appearance of the adoptive parents, a hearing was still necessary in order for the court to independently determine whether the petitioner could show the requisite "good cause” for the granting of his petition. (Matter of Anonymous, NYLJ, June 20, 1977, p 12, col 1.)
It must be remembered that the legislative purpose for the confidentiality of adoption records is inextricably intertwined with the Legislature’s broader sociological plan to provide a child with a substitute family through the adoption process. It is for this reason that the statute (Domestic Relations Law, § 114) requires that the court act as an agent of the State to satisfy itself that there are present sufficient facts which warrant compromising the secrecy surrounding an adoption. This legislative requirement is not prompted by any delusion that a man donning a black robe is automatically endowed with the omniscience of a Deity or the sublime wisdom of a Solomon; but merely the State’s desire to insert an objective human being into what may be an emotionally supercharged *226 situation, in the hope that a decision can be reached which is in the best interest of all concerned — the linchpin from which hangs the determination of whether "good cause” has been shown.
The wisdom of this legislative scheme is exemplified in the present case. As alleged in his pleading, the petitioner is suffering from a severe psychological disorder caused by not knowing his true identity. With this in mind, it was clearly necessary to follow to conclusion the procedural vehicle of section 114 of the Domestic Relations Law which insured that notice of proceeding be given to all necessary parties and provided this court with the opportunity to elicit the facts upon which it could make a determination consonant with the rights and best interests of the parties — most especially the emotionally spent young man who is the petitioner in this proceeding.
It was in this manner and for this reason that the present application came on for hearing before the court. By means of petitioner’s own testimony; the testimony of his adoptive mother; and the expert testimony of petitioner’s own psychologist, the court was able to put together a portrait of a deeply troubled young man — completely estranged from the adoptive parents who loved and reared him; unable to distinguish fact from fiction; suffering from "personality disfunction” which has made the quest for his true identity the single most important thing in his life. While it is questionable whether this lack of identity is merely a symptom or the very cause of petitioner’s psychological problems, it is quite clear from expert testimony that gaining such knowledge is a necessary element in the petitioner’s mental rehabilitation. Moreover, the testimony showed that despite petitioner’s delicate emotional state, he would be capable of "coping” with information of his ethnic background even though it may differ from his own belief.
In view of this testimony and the consents of all other interested parties, it is the opinion of the court that the petitioner has shown sufficient "good cause” (cf. Matter of Chattman, 57 AD2d 618) and that judgment be for petitioner along with the hope that the information he obtains, as stated by his adoptive mother, "will ease something that’s a turmoil in his mind”.
Accordingly, the guardian ad litem, who incidentally is to be commended for the efforts he expended in this matter and for *227 his decision to waive any fee for his work, is directed to prepare a final report in which he shall state the names, addresses and ethnic background of the petitioner’s natural parents. A copy of this report is to be served within 10 days from the date hereof on the petitioner and a copy filed with the court, at which time it shall be placed along with the pleadings and transcript of this application with the record of petitioner’s adoption and the entire file resealed.