OPINION OF THE COURT
Harold J. Hughes, J.
The defendant moves for an order pursuant to CPLR 3120 (subd [b]) compelling a nonparty witness to produce copies of records which are material and necessary to the defense of this action.
This is an action by the plaintiff to recover for personal injuries sustained in a collision between his motorcycle and an automobile operated by the defendant. On January 19, 1981 the defendant’s attorney served a notice for discovery and inspection demanding that plaintiff provide executed medical authorizations entitling him to inspect *794 and copy the office records, X rays, notes and reports of plaintiff’s treating physician, Dr. Neil D. Colman. Defense counsel forwarded a written authorization to Dr. Colman permitting him to disclose his medical reports, but the doctor took the position that he would not furnish a copy of any report or record until he was paid the sum of $150 to compensate him or a member of his staff for making the copies.
Defense counsel objects to payment of that sum and brings this motion arguing that the court should take judicial notice of the alleged prevailing charge in this area for such a service, which purportedly is 25 cents per page. Plaintiff does not oppose the relief sought by defendant but requests that if defendant is successful in obtaining a copy of the office records that he be provided a copy free pursuant to CPLR 3121 (subd [a]). Dr. Colman has taken the position that there is no statutory authority that can compel him to transmit his office records to the defendant or her attorneys.
The statutory authority compelling Dr. Colman to provide a copy of his office records to defense counsel is found in CPLR 3120 (subd [b]) which provides: “As against non-party. A person not a party may be directed by order to do whatever a party may be directed to do under subdivision (a). The motion for such order shall be on notice to all adverse parties; the non-party shall be served with the notice of motion in the same manner as a summons. The order shall contain, in addition to such specifications as the notice is required to contain under paragraph two of subdivision (a), provision for the defraying of the expenses of the non-party.”
This court agrees with the interpretation given to that statute in Major Chevrolet v Charles Pisacano, Inc. (58 Misc 2d 374, 375): “The effect of CPLR 3120 (subd. [b]) is to give the power to the court over nonparties who have the control and possession of property which would be the proper subject of a discovery proceeding if said property were within the possession and control of a party to the action.” There is no doubt that were the office records of Dr. Colman within the possession and control of the plaintiff, the plaintiff would be compelled to allow the defendant *795 discovery thereof (Hoenig v Westphal, 52 NY2d 605). The defendant is entitled to a copy of Dr. Colman’s office records concerning the injury giving rise to this action.
The second issue to be determined is the conditions surrounding the disclosure and the expenses to be paid to the nonparty witness. CPLR 3120 (subd [b]) directs that the order shall specify the time, place and manner of the inspection and copying and provide for the defraying of the expenses of the nonparty witness. It would be an unreasonable infringment upon the practice of this physician to permit an attorney or other agent to come to the physician’s office and mull through the physician’s files. The appropriate procedure in a case such as this would be for the physician or one of the physician’s staff to gather the information and forward copies to counsel. The physician is entitled to recover the ordinary charge he makes for providing this service, unless circumstances in the record disclose the charge to be, upon its face, inherently unreasonable. That is not the case here.
The final issue to be addressed is whether the plaintiff is entitled to a free copy of the office records under the authority set forth in CPLR 3121 (subd [a]). The answer is “no”. The disclosure is taking place under CPLR 3120 (subd [b]) and has nothing to do with the issue of hospital records addressed by CPLR 3121 (subd [a]). Accordingly, if plaintiff wishes a copy of the office records of his treating physician, he should make the necessary arrangements with the doctor.
The motion of the defendant for an order pursuant to CPLR 3120 (subd [b]) directing Dr. Neil Colman to provide a copy of the medical records under his control of Michael Reed for the period July 18, 1980 to the present with respect to the injuries giving rise to this litigation shall be granted, without costs, upon condition that defendant pay Dr. Colman the sum of $150 to defray the nonparty witness’ expense which payment shall be made prior to the delivery of the records and the further condition that defendant furnish Dr. Colman with a medical authorization executed by plaintiff authorizing the release of Dr. Colman’s office records and X rays concerning treatment of plaintiff’s injuries.