■ WILLIAM P. RYAN, Respondent, v FRANK HASKELL, Appellant. — Appeal from an order of the Supreme Court at Special Term (Amyot, J.), entered July 29, 1981 in Saratoga County, which granted a motion for a protective order for the production of X rays, office notes and records of plaintiff's attending physician or an executed authorization for the items. Defendant sought copies of or a written authorization to inspect the X rays, office records, and notes of certain specified physicians who had treated plaintiff for the personal injuries allegedly sustained in a motor vehicle accident occurring on October 12, 1979. Defendant's answer denied liability for plaintiff's injuries. Plaintiff sought a protective order which was granted by Special Term. The instant appeal ensued. The issue in this case has been addressed by the Court of Appeals in *Hoenig v Westphal* (52 NY2d 605) where the court indicated that CPLR 3101 shall be liberally construed to require disclosure of all evidence material and necessary in the prosecution or defense of an action. The discovery notice must be sufficiently specific (*Ciembroniewicz v Madigan Mem. Hosp.,* 72 AD2d 653). Plaintiff urges here that the wholesale demand for treating physicians' documents is unprecedented and that discovery should be restricted to medical reports made by the physician in the possession of plaintiff's counsel. We do not agree. Initially, we note that plaintiff does not allege that the documents demanded are not material to the issue of damages in the instant case. There is

also no claim that the materials sought are not disclosable under CPLR 3101. The discovery notice is sufficiently specific in that documents of named treating physicians are sought. The materials sought are relevant and material to the case in that they relate to the injuries for which recovery is sought in the instant action. Accordingly, defendants were entitled to the relief sought (*Hoenig v Westphal, supra; Bliven v Fischer*, 80 AD2d 973). Order reversed, on the law and the facts, without costs, and plaintiff's motion for a protective order denied. Mahoney, P. J., Sweeney, Mikoll, Yesawich, Jr., and Levine, JJ., concur.