■ JOHN L. PIZZO et al., Respondents, v RAYMOND J. BUNORA, JR., et al., Appellants. — In a negligence action to recover damages for personal injuries, etc., defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Green, J.), dated March 15, 1982, as (1) upon the branch of their motion which sought to compel plaintiff John Pizzo to

furnish certain medical and hospital authorizations, exempted from discovery "the private records of physicians", and (2) denied the branch of their motion which sought to compel production of business records to the extent of denying discovery of tax records relating to the period prior to January 1, 1980. Order modified by deleting therefrom the provision excluding "the private records of physicians" from discovery. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Plaintiff John Pizzo shall furnish appropriate authorizations within 20 days after service upon him of a copy of the order to be made hereon, with notice of entry. Plaintiffs have not been able to draw our attention to any case holding, or rationale supporting the view, that so-called "private records" of physicians relating to the injuries alleged to have been sustained are not discoverable. Medical records and reports pertaining to the alleged injuries of plaintiff John Pizzo, and their diagnosis and treatment, are obviously "material and necessary" to the defense (see CPLR 3101). They are therefore discoverable, unless exempt as material prepared for litigation or privileged. There is no claim that the requested material was prepared for litigation. Nor can there be a claim of violation of the physician/patient privilege, since the same was waived when plaintiff John Pizzo put his physical condition in issue (see *Hoenig v Westphal,* 52 NY2d 605). Drawing a distinction between the "private records" of said plaintiff's physicians versus the physicians' reports contained in official files is not meaningful in the context of discovery. The law prohibits artificial barriers designed to avoid disclosure (*Hoenig v Westphal, supra,* p 610). Since the medical records are relevant and material, they must all be disclosed (cf. *Cynthia B. v New Rochelle Hosp. Med. Center,* 86 AD2d 256). Thompson, J. P., Bracken, Rubin and Boyers, JJ., concur.