opinion of the court
Aaron E. Klein, J.
The defendant Benedictine Hospital moves for a protective order (CPLR 3103) vacating plaintiffs’ demand, pursuant to CPLR 3121, based upon CPLR 3101 and 3122.
In this medical malpractice action, a demand has been served upon the movant to serve copies of all medical and hospital records received by the defendant by virtue of authorizations previously provided to the movant by plaintiffs.
It is contended by the movant that the records once received by the attorneys were subject to review with notations having been made on the copies in their possession. Therefore, it is claimed that if copies were to be produced and forwarded to the plaintiffs, the thought processes of the defendant’s lawyers would be revealed. Not only that, but movant argues that under generally applicable custom and practice, each party pays for its own copies of medical records and that plaintiffs should do likewise, and not have the defendant bear the costs of producing the medical records simply because they were procured through utilization of medical authorizations which were originally provided by the plaintiffs.
*143 The general rule is that where a physical or mental examination is conducted under the authority of CPLR 3121, hospital records received pursuant to an authorization are to be duplicated and provided to the party who issued the authorization. (See, generally, 3A Weinstein-Korn-Miller, NY Civ Prac, par 3121.14.) However, as has recently been stated by the Court of Appeals in Hoenig v Westphal (52 NY2d 605), disclosure under the CPLR is somewhat broader than the more specific proscriptions contained in CPLR 3121, and under the liberal interpretation afforded CPLR article 31, medical records can be demanded even though a physical examination or mental examination is not being conducted.
It would appear that the authorizations provided by plaintiffs to the movant were to enable the Benedictine Hospital to review medical records to prepare for trial or other disposition of the lawsuit without a physical examination being conducted. That being so, plaintiffs should, as in the usual case, pay the costs of reproducing the medical records concerning treatment received by the plaintiff. As was said by Justice Harold J. Hughes in Reed v Cantwell (110 Misc 2d 793, 795), “if plaintiff wishes a copy of the office records of his treating physician, he should make the necessary arrangements with the doctor.” Likewise, hospital records should be procured by plaintiffs’ attorneys making the necessary arrangements with the various institutions rather than attempting to have the defendant provide them.
Accordingly, the motion is granted.