■ HELEN MONTAG, Respondent, v YOUNG MEN's CHRISTIAN ASSOCIATION OF ONEIDA COUNTY, Appellant. — Order unanimously affirmed, with costs. Memorandum: Special Term properly denied defendant's motion to compel plaintiff to authorize production of her attending physicians' records, reports, bills, notes and memoranda. We do not read *Hoenig v Westphal* (52 NY2d 605) as requiring disclosure of the items sought by defendant. In each of the two cases decided in *Hoenig,* defendant sought the reports of plaintiffs' attending physicians. Plaintiffs resisted on the ground that, inasmuch as no exchange of medical information had been requested, reports were not required under CPLR 3121 (subd [b]) which, they contended, was the exclusive mechanism for discovery of medical reports. The Court of Appeals refused to interpret the disclosure provisions of CPLR article 31 so narrowly and held that, even when reports are not required under CPLR 3121, their disclosure is required under CPLR 3101 (subd [a]), which provides for "full disclosure of all evidence material and necessary in the prosecution * * * of an action". The question of discoverability of a doctor's *records,* as opposed to his reports, was not presented. We are mindful that *Pizzo v Bunora* (89 AD2d 1013) and *Ryan v Haskell* (86 AD2d 935) held that physician's office notes and records are discoverable under the authority of *Hoenig;* nevertheless, we believe there is a significant difference between a physician's reports and his records and that *Hoenig* does not compel production of the latter. We merely note that plaintiff has conceded that defendant is entitled to her X rays. (Appeal from order of Supreme Court, Oneida County, Tenney, J. — discovery.) Present — Hancock, Jr., J. P., Callahan, Denman, Moule and Schnepp, JJ.

■ MARY HILLIGAS et al., Respondents, v MUHTESEM C. VEZNEDAROGLU, Appellant. — Appeal unanimously dismissed, without costs. Memorandum: Special Term's order "requiring all future motions and proceedings [herein] to be heard in the Eighth Judicial District by the medical malpractice judge who is assigned by the administrative judge" is not an order affecting a substantial right in an action within the meaning of CPLR 5701 (subd [a], par 2, cl [v]) and thus is not appealable. Were we to reach the merits, we would hold that since a rule or regulation cannot enlarge or abridge rights conferred by statute (*Moot v Moot,* 214 NY 204, 211; *People ex rel. Mayor of City of N. Y. v Nichols,* 79 NY 582, 592), Special Term's directive is a nullity (*Broome County Farmers' Fire Relief Assn. v New York State Elec. & Gas Corp.,* 239 App Div 304, 306, affd 264 NY 614). (Appeal from order of Supreme Court, Erie County, Gossel, J. — venue — malpractice.) Present — Hancock, Jr., J. P., Callahan, Denman, Moule and Schnepp, JJ.