■ SUSAN SALZMAN, Respondent, v RALPH C. ANDERSEN, Appellant. — Order unanimously, affirmed, with costs (see *Montag v Young Men's Christian Assn.,* 96 AD2d 721). (Appeal from order of Supreme Court, Oneida County, Lynch, J. — discovery.) Present — Dillon, P. J., Hancock, Jr., Green, O'Donnell and Schnepp, JJ.

■ CHARLES COXSON et al., Appellants, v GERRY VOLUNTEER FIRE DEPARTMENT, INC., Respondent. — Judgment unanimously affirmed, without costs. Memorandum: Plaintiff Louise Coxson was struck and injured by a runaway horse while attending a rodeo sponsored by defendant and held on its land. This appeal is from a judgment entered after a jury verdict in favor of defendant. The trial court did not err in refusing to charge the jury that if they found "that Mrs. Coxson was a paying guest on the defendant's premises, the defendant owed a very high level of care to plaintiff for her safety." There is no higher standard of care required than reasonable care (see *Basso v Miller,* 40 NY2d 233). (Appeal from judgment of Supreme Court, Chautauqua County, Gossel, J. — negligence.) Present — Dillon, P. J., Hancock, Jr., Green, O'Donnell and Schnepp, JJ.

■ JACK E. DEAN, Individually and as Shareholder of GREEN HIGHLANDS, INC., on Behalf of Himself and All Other Shareholders of GREEN HIGHLANDS, INC., Similarly Situated, and in the Right of GREEN HIGHLANDS, INC., Appellant-Respondent, v JOHN C. VAN SCOTER et al., Respondents-Appellants. — Order unanimously modified, and, as modified, affirmed, with costs to defendants, in accordance with the following memorandum: Plaintiff seeks in his first cause of action a declaratory judgment that the issuance of 40 shares of stock to the defendant was null and void. Such an action must be commenced within six years from the date the stock was issued (CPLR 213, subd 1; see *Solnick v Whalen,* 49 NY2d 224, 229-230). Plaintiff's first cause of action accrued in January, 1971 but was not commenced until December, 1980. Accordingly, Special Term should have granted defendant's cross motion for summary judgment based on the Statute of Limitations. Special Term properly denied plaintiff's motion for summary judgment. In view of our disposition we need not address the other contentions raised on this appeal. (Appeals from order of Supreme Court, Erie County, Cook, J. — summary judgment.) Present — Dillon, P. J., Hancock, Jr., Green, O'Donnell and Schnepp, JJ.