OPINION OF THE COURT
Harold J. Hughes, J.
Plaintiff moves for an order compelling defendants Gail I. Frasier, Metro Car Leasing Company and Ford Motor Company to gather all of plaintiff’s medical records by use of a medical authorization previously forwarded to them and to provide plaintiff and all of the other parties with copies of such records. Defendant Samuel K. Gooldy cross-moves for an order compelling plaintiff to comply with a discovery and inspection notice dated December 8, 1982.
In this action plaintiff seeks to recover for injuries sustained while a passenger in a vehicle owned and operated by defendants Frasier, Metro Car Leasing Company and Ford Motor Company. Plaintiff alleges that she received no-fault benefits from the Royal Globe Insurance Company with the result that the insurer has copies of medical reports and bills submitted to it with respect to the no-fault claim. Plaintiff alleges that Royal Globe is also the liability carrier for defendants Frasier, Metro Car Leasing and Ford Motor Company. Plaintiff provided those defendants with a medical authorization and now seeks an order compelling those defendants to use the authorization to *930 gather the reports of all of her treating physicians and dentists, as well as all medical data on file with the no-fault carrier, and to provide plaintiff with a copy thereof and to furnish copies to all of the codefendants.
Frasier, Metro Car Leasing and Ford Motor Company take the position that they are under no obligation to use the medical authorization and there is no statute, rule or case law requirement that compels them to conduct plaintiff’s pretrial preparation for her by way of gathering all of her medical records and providing her copies thereof free of charge.
Defendant Samuel K. Gooldy cross-moves for an order under CPLR 3126 dismissing the action due to plaintiff’s willful failure to disclose, or, in the alternative, compelling the plaintiff to comply with the discovery and inspection notice dated December 8, 1982, which sought copies of the records and reports of all of the medical personnel listed in the notice.
Of late, the courts have been besieged by schemes of this nature whereby plaintiffs seek to obtain copies of their own physicians’ reports and hospital records from their adversaries (see Przekop v Lo Galbo, 118 Misc 2d 142; Reed v Cantwell, 110 Misc 2d 793). In the Reed case, this court held that a plaintiff was not entitled to get a copy from a defendant of the treating physician’s office records or reports procured by the defendant by way of an authorization given by the plaintiff. In Przekop, Mr. Justice Klein held that a defendant is under no obligation to provide a plaintiff with a copy of a hospital record. Here, plaintiff goes even beyond the situations presented in Przekop and Reed by attempting to compel defendants to obtain medical records from a nonparty witness, i.e., plaintiff’s no-fault carrier, and provide plaintiff and others with copies thereof, simply because these defendants happen to have their liability insurance with the same carrier that provides plaintiff’s no-fault benefits. Such obligation is not imposed by statute, case law, or court rule. The only time a defendant must give a copy of a hospital record or a physician’s report is when one of the situations described in CPLR 3121 is present. That is not the case here. If plaintiff wants discovery from her no-fault carrier, she *931 should proceed against it under CPLR 3120 (subd [b]) which governs disclosure from a nonparty. Defendants Frasier, Metro Car Leasing Company and Ford Motor Company are under no obligation to use the medical authorizations provided by plaintiff. Likewise, defendant Gooldy is entitled to an order compelling plaintiff to comply with the discovery and inspection notice dated December 8, 1982.
The motion of plaintiff for an order compelling disclosure from defendants Gail I. Frasier, Metro Car Leasing Company and Ford Motor Company will be denied, without costs. The cross motion of defendant Samuel K. Gooldy dismissing plaintiff’s complaint for willful failure to disclose pursuant to the discovery and inspection notice dated December 8, 1982, will be granted, without costs, unless plaintiff produces all of the records sought in the notice and within plaintiff’s custody, possession or control, within 30 days of the service upon her of a copy of the order to be entered hereon with notice of entry.