■ OREGON LEOPOLD DAY CARE CENTER ASSOCIATION, INC., Appellant, v DI MARCO CONSTRUCTORS CORPORATION, Formerly Known as DI MARCO HOMES, INC., Defendant, and JADE ELECTRIC, INC., Respondent. (Appeal No. 2.) — Order and judgment unanimously affirmed, without costs. Same memorandum as in *Oregon Leopold Day Care Center Assn. v Di Marco Constructors Corp.* (Appeal No. 1.) (104 AD2d 719). (Appeal from order and judgment of Supreme Court, Monroe County, Finnerty, J. — dismiss complaint.) Present — Dillon, P. J., Doerr, Green, Moule and Schnepp, JJ.

■ DOROTHY HOSTLER et al., Respondents, v TONAWANDA SUPER DUPER, INC., et al., Defendants, and RONALD N. BIFULCO, Appellant. — Order unanimously reversed, without costs, and defendant Bifulco's motion granted. Memorandum: This is a personal injury action in which defendant Bifulco appeals from an order denying his motion to compel plaintiff to execute authorizations permitting defendant to obtain copies of the medical records of plaintiff's treating podiatrist.

Our view of the discoverability of a treating physician's medical records, as opposed to his reports, has differed from the views expressed by the other Departments (see *Montag v Young Men's Christian Assn.,* 96 AD2d 721; cf. *Rodriguez v Ryder Truck Rental,* 100 AD2d 811; *Pizzo v Bunora,* 89 AD2d 1013; *Ryan v Haskell,* 86 AD2d 935). Since our decision in *Montag v Young Men's Christian Assn. (supra),* however, the Court of Appeals has made it clear that where, as here, a party's physical condition is at issue, CPLR 3101 ordinarily requires disclosure of medical records as well as reports (*Cynthia B. v New Rochelle Hosp. Med. Center,* 60 NY2d 452). Our decision in *Montag,* therefore, should no longer be applied in this Department. (Appeal from order of Supreme Court, Erie County, Cook, J. — discovery.) Present — Dillon, P. J., Doerr, Green, Moule and Schnepp, JJ.