SAMUEL TOWER et al., Appellants, v CHEMICAL BANK et al., Respondents

The plaintiffs moved for a further examination before trial of the defendant Consolidated Laundries, Inc. (hereinafter Consolidated) on the ground the employee initially designated by Consolidated and deposed by the parties possessed inadequate knowledge. The court granted the application to the extent of directing Carlos Diaz to state in affidavit form "how often the mats at the bank were replaced by clean mats and when was the last time prior to the accident that the mats were replaced". Diaz is the only employee shown to have such knowledge.

Although ordinary procedure permits a corporate defendant to designate which of its representatives will be available for examination, the adverse party is not barred from seeking further discovery when the testimony of the witness produced is inadequate (Lounsbury v New York State Elec. & Gas Corp., 62 AD2d 1033; S. S. Silberblatt, Inc. v American Pecco Corp., 52 AD2d 824). The court properly exercised its discretion in directing Diaz to furnish certain information to the plaintiffs in an affidavit and in denying further discovery of Consolidated since the plaintiffs failed to specifically allege the nature of the inadequacy of the witness first produced by that defendant and failed to demonstrate the relationship of that inadequacy to their causes of action (see, Besen v C. P. L. Yacht Sales, 34 AD2d 789; cf., Lounsbury v New York State Elec. & Gas Corp., supra).

We also reject the plaintiffs' contention that CPLR 3121 (a) provides the court with the authority to compel the defendants to produce free, duplicate copies of the medical records of the plaintiff Annette Tower's treating physicians simply because they were procured through utilization of medical

authorizations supplied by that plaintiff. The records addressed by CPLR 3121 (a) are hospital records. In a personal injury action, a demand to furnish a defendant with written authorizations to obtain copies of the medical records of an injured plaintiff's treating physicians is authorized by the general rules of disclosure set forth in CPLR 3101 (a) and an order compelling a plaintiff's treating physicians to provide a copy of their medical records, at a reasonable cost, is authorized by CPLR 3120 (b) (see, Hoenig v Westphal, 52 NY2d 605; Reed v Cantwell, 110 Misc 2d 793). Since disclosure of the medical records of a plaintiff's treating physicians takes place pursuant to CPLR 3101 (a) and 3120 (b) and there is no statutory or court rule (see, CPLR 3121; 22 NYCRR 202.17) requiring the defendants to supply the plaintiffs with duplicate copies of such medical records, the court properly denied that branch of the plaintiffs' cross motion which was for such relief.

However, the court erred in refusing to direct all the defendants to deliver to the plaintiffs duplicate copies of any hospital records obtained as a result of the authorization of the plaintiff Annette Tower (see, CPLR 3121 [a]). Subsequent to receipt of the authorizations permitting all parties to obtain and make copies of relevant hospital records, the defendants joined in an application, pursuant to CPLR 3121 (a), to compel Annette Tower to submit to a physical examination by a designated physician. The court granted the application. Under these circumstances, the defendants cannot avoid their statutory obligation to deliver duplicate copies of the hospital records by designating their initial and separate demand for written authorizations to obtain hospital records as made under the general rules of disclosure (CPLR 3101 [a]) rather than the specific rule authorizing such disclosure (CPLR 3121 [a]; Siegel, Practice Commentaries, McKinney's Cons Law of NY, Book 7B, CPLR C3121:7; 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3121.14; cf., Przekop v Lo Galbo, 118 Misc 2d 142). The clause requiring a party who obtains a copy of a hospital record as a result of the authorization of another party to deliver a duplicate copy to the party who issued the authorization was designed to minimize repetitive demands upon hospitals. Consequently, if a copy of the record has already been obtained by the party issuing the authorization, there is no reason to ask for another copy (3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3121.14). Furthermore, if a party merely inspects the hospital records without making a copy, that party is not required to serve a copy of the hospital records on the party

issuing the authorization *(see, Czekanski v Hanretta,* 42 Misc 2d 115). Accordingly, each defendant is hereby directed to deliver to the plaintiffs duplicate copies of hospital records each has, in fact, obtained by use of the authorizations supplied by the plaintiffs, provided that the plaintiffs are not presently in possession of such records.

Finally, there was no abuse of discretion in denying sanctions. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.