■ CHERYL PETERSON, Appellant, v CATHY E. WERT et al., Respondents.—Casey, J. P. Appeal from an order of the Supreme Court (Shea, J.), entered September 12, 1986 in St. Lawrence County, which granted defendants' motion to compel disclosure of medical reports of plaintiff's treating physicians.

At issue on this appeal is whether plaintiff, who has provided defendants with copies of medical reports in her possession and has granted defendants access to the records and notes of the other treating physicians through the various written authorizations delivered to defendants' attorney, must obtain and deliver reports from all treating physicians. Supreme Court held that she must deliver reports from all treating physicians. We reverse.

CPLR 3121 (b) requires plaintiff to produce those medical reports in her control. The exchange provisions of 22 NYCRR 202.17, which have been triggered here (see, Dorato v Schilp, 130 AD2d 348), require plaintiff to deliver "copies of the medical reports of those physicians who have previously treated or examined" her (22 NYCRR 202.17 [b] [1]). Defendants claim that this provision compels plaintiff to deliver reports of all treating physicians, while plaintiff argues that she is not required to obtain and deliver reports of treating physicians who will not be called to testify at trial. Based upon the various references to testimony and trial contained in the rule (e.g., 22 NYCRR 202.17 [b] [1]; [g], [h]), we agree with plaintiff. Accordingly, plaintiff satisfied the relevant disclosure requirements by delivering medical reports of treating physicians in her control and executing written authorizations for the notes and records of all other treating physicians.

Order reversed, on the law, with costs, and motion denied. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.