■ In the Matter of ROBERT WILSON. JOSEPH SOLL, Appellant.—In a proceeding pursuant to Domestic Relations Law § 114, for disclosure, access, and inspection of sealed adoption records, the petitioner appeals from an order of the Surrogate's Court, Rockland County (Weiner, S.), dated December 15, 1987, which denied his application.

Ordered that the order is reversed, without costs or disbursements, and the matter is remitted to the Surrogate's Court, Rockland County, for a hearing on the application.

This is a proceeding by an adult adoptive person for access and inspection of the sealed court records of his adoption. The Surrogate denied the petitioner's application on the ground that he failed to demonstrate "good cause" as required by Domestic Relations Law § 114. We disagree.

While an adoptee's curiosity or desire to learn more about his or her ancestry does not constitute "good cause" for disclosing the identity of his or her natural parents *(see, Matter of Linda F. M.,* 52 NY2d 236), good cause may be established by a showing of psychological trauma or medical need *(see, Alma Socy. v Mellon,* 601 F2d 1225, *cert denied* 444 US 995; *Golan v Wise Servs.,* 69 NY2d 343; *Matter of Hayden,* 106 Misc 2d 849; *Matter of "Anonymous",* 92 Misc 2d 224). In this case the appellant's allegations of psychological trauma are substantiated by two health professional experts, both of whom claim that opening the adoption records is necessary for the appellant's psychological health and well-being. Furthermore, both experts state that appellant has "concrete psychological problems * * * specifically connected to [his] lack of knowledge about [his] ancestry" *(Matter of Linda F. M., supra,* at 240), that gaining knowledge of his identity is a necessary element in the petitioner's mental rehabilitation, and that he will be able to cope with the information once obtained *(see, Matter of Hayden, supra; Matter of "Anonymous", supra).* We therefore conclude that the appellant's moving papers allege sufficient facts which, if proven, would constitute a prima facie showing that "good cause" exists to open the records, i.e., "that medical and/or psychological necessity require the opening of an adoption record for the health and well-being of the petitioning [adoptee]" *(Matter of Hayden, supra,* at 852).

However, notwithstanding our initial determination that "good cause" is sufficiently alleged in the appellant's moving papers, a hearing on the matter is necessary to ensure that the appellant's needs are "balanced against the needs of the other parties and society" *(see, Golan v Wise Servs., supra,* at 346). Although the appellant has obtained the approval of his adoptive mother and his adoptive father is deceased, his natural parents "retain a potentially strong interest in maintaining their anonymity" *(Matter of Linda F. M., supra,* at 239).

The Surrogate should appoint a guardian ad litem to protect the interests of the natural parents who have not been made parties to this proceeding (see, Golan v Wise Servs., supra, at 346; Matter of Linda F. M., supra, at 240-241; Matter of Anonymous, 89 Misc 2d 132).

We have examined the appellant's remaining contentions and find them to be without merit. Mollen, P. J., Mangano, Kunzeman and Balletta, JJ., concur.