■ HELEN MARSHALL, Appellant, v DUANE DURYEA et al., Respondents.—In an action for a judgment declaring that a stock transfer agreement is void, and that the election of directors at a shareholders' meeting held on October 5, 1988, is void, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), dated September 7, 1989, which granted defendants' motion to dismiss the petition as time barred.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted that branch of the defendants' motion which was to dismiss the plaintiff's cause of action for a declaration that the election of directors at the shareholders' meeting held on October 5, 1988, was void, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

In August 1981 the defendants entered into the stock transfer agreement which was allegedly in violation of the original shareholders' agreement. Thereafter, until August 1986 the plaintiff was refused access to a copy of the stock-transfer agreement entered into by the defendants and could not determine whether the transfer was in fact violative of the shareholders' agreement. In August 1986 the plaintiff did receive a copy of the stock-transfer agreement. At that point, there was still one year left to run on the six-year Statute of Limitations *(see, Costantakos v Board of Educ.,* 105 AD2d 825;

*Dean v Van Scoter,* 98 AD2d 983). However, the plaintiff did not commence her action for approximately three years. The defendants successfully moved to dismiss the action as time barred, and the plaintiff appeals, asserting that the defendants are equitably estopped from asserting the Statute of Limitations.

"It is the rule that a defendant may be estopped to plead the Statute of Limitations where plaintiff was induced by fraud, misrepresentation or deception to refrain from filing a timely action" *(Simcuski v Saeli,* 44 NY2d 442, 448-449; *see, Ughetto v Acrish,* 130 AD2d 12; *Polednak v Country-Wide Ins. Co.,* 153 AD2d 930). However, "due diligence on the part of the plaintiff in bringing his action is an essential element * * * of equitable estoppel" *(Simcuski v Saeli, supra,* at 450).

Here, the plaintiff could have easily commenced an action within the one year remaining on the Statute of Limitations when she finally received a copy of the allegedly illegal stock-transfer agreement. Her failure to do so clearly demonstrates a lack of due diligence. Therefore, the plaintiff is precluded from seeking the shelter of the doctrine of equitable estoppel, and her action requesting a declaration that the stock transfer is void, having been commenced well after expiration of the Statute of Limitations, is time barred.

However, the plaintiff's cause of action seeking a declaration that the October 5, 1988, election of directors is void was timely brought. Thompson, J. P., Brown, Harwood and Balletta, JJ., concur.