OPINION OF THE COURT
David Goldstein, J.
*249 The issue raised on this motion is whether a plaintiff, who, through the initiation and maintenance of the action, has placed in issue her physical and medical condition, may legitimately prevent defendant from obtaining disclosure of her treating physician’s medical and office records.
The action was brought to recover for personal injuries sustained on March 15, 1991, at a time when the infant plaintiff, then age 17, was attending defendant’s school. She was injured while in a physical education class and gymnastic program.
On several occasions during the past two years, defendant sought authorizations to obtain the records of plaintiff’s treating physicians, including Dr. C. Harshad Bhatt, and records, copies and films from facilities which performed X-rays, MRI’s, CAT scans and other diagnostic tests and films of the plaintiff. Plaintiffs have continually refused to provide such disclosure, thus precipitating this motion to strike the complaint or for appropriate sanctions for such refusal.
Plaintiffs argue that, while the medical exchange rules authorize and require the exchange of medical reports before a case may be noticed for trial (22 NYCRR 202.17), the rules do not expressly cover medical records. Further, they contend that, notwithstanding the broad disclosure provided by CPLR 3121, with subdivision (a) requiring the submission to a physical examination upon request and for production of authorizations for the release of hospital records, and subdivision (b) directing disclosure of reports of an "examining physician” to "any party requesting to exchange therefor a copy of each report in his control of an examination made with respect to the mental or physical condition in controversy”, the provision does not encompass medical records of treating physicians. From what plaintiffs consider to be a deliberate legislative omission, they conclude that such records are privileged and immune from disclosure.
To the contrary, the clear basis for disclosure is contained in CPLR 3101 (a), which directs "full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof.” The statute has been liberally construed to require disclosure of any information or material reasonably related to the issues, "which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason.” (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406.)
Thus, in Greuling v Breakey (56 AD2d 540), the Appellate Division, First Department, reversed an order which, inter *250 alia, had denied disclosure of medical records, rejecting plaintiff’s claim that production of physician records could only be obtained when the physician was to testify at trial. The Court granted the motion to compel plaintiff to furnish authorizations to obtain copies of the records of two physicians who had treated her. In doing so, it rejected the very argument relied upon here, holding that, "[b]y commencing the action plaintiff put in controversy her physical condition; she cannot now limit that controversy to the medical records she wishes disclosed.” (56 AD2d, supra, at 542.)
Similarly, in Rodriguez v Ryder Truck Rental (100 AD2d 811), the First Department, applying the standard in CPLR 3101, directed plaintiff to provide authorizations to obtain copies of physician records. In so holding, the Court found error in Special Term having deferred any disclosure until the doctor was called to testify at trial, concluding that the order was "totally at variance with the letter and spirit of CPLR 3101”, and holding: "Having placed the infant’s physical condition in issue plaintiff cannot limit the controversy to the records she wishes to disclose. (Greuling v Breakey, 52 AD2d 540, 542.)” (Supra, at 811.)
The Appellate Division, -Second Department, is in accord, holding private medical records of treating physicians to be subject to disclosure under CPLR 3101, as "material and necessary” to the defense (St. Clare v Cattani, 128 AD2d 766; Leichter v Cohen, 124 AD2d 710; Pizzo v Bunora, 89 AD2d 1013). In each of these cases, the Court ordered production of physician records, holding, under clear authority in this State, that there could be no violation of the physician-patient privilege, which was waived by the plaintiff affirmatively placing in issue his or her physical or mental condition (see, Koump v Smith, 25 NY2d 287, 295; Prink v Rockefeller Ctr., 48 NY2d 309; Cynthia B. v New Rochelle Hosp. Med. Ctr., 60 NY2d 452). Rejecting plaintiffs’ attempt to create "artificial barriers designed to avoid disclosure” (Pizzo v Bunora, supra, at 1014), production was ordered inasmuch as the records in each case were material and relevant and, therefore, discoverable, since they were not material prepared for litigation or otherwise privileged.
To the same effect is Ryan v Haskell (86 AD2d 935) and Kenyon v Caruso Dev. Co. (167 AD2d 966), wherein the Third and Fourth Departments, respectively, likewise ordered disclosure of medical records (in Ryan v Haskell, production of X-rays, office notes and records of plaintiff’s attending physician and, in Kenyon v Caruso Dev. Co., disclosure of psychiatric and *251 psychological records). In each case, the appellate panel found disclosure required under the liberal construction to be accorded CPLR 3101, rejecting the argument advanced by each plaintiff that discovery should be limited to physician reports in the possession of plaintiff’s counsel.
And, in Reed v Cantwell (110 Misc 2d 793, 794), Special Term entered an order pursuant to CPLR 3120 (b), directing production and copying of "the office records, X-rays, notes and reports of plaintiff’s treating physician, Dr. Neil D. Colman.” In doing so, the court rejected the very argument advanced by plaintiff here, namely, that defendant was only entitled to production of medical reports and that there was no statutory authority to compel disclosure of office records.
Plaintiffs’ reliance upon Peterson v Wert (134 AD2d 668) and the Practice Commentary by Professor David D. Siegel (McKinney’s Cons Laws of NY, Book 7B, CPLR C3121:8, at 661) is misplaced. Both the cited case and the portion of the Practice Commentary deal with the disclosure of reports of physicians who will testify at trial, not production of medical and office records, X-rays, films and diagnostic tests, all of which are plainly material and relevant to the action, within the scope of discovery under CPLR 3101. Moreover, this is specifically recognized in the very next paragraph of the Practice Commentary, where Professor Siegel, with reference to the interplay between CPLR 3101 and 3121, observes: "UnderCPLR 3101 (a) (3), independently of CPLR 3121, the records of a treating physician may be obtained by the party treated. Under CPLR 3120 (b), the physician may be compelled to supply a copy of the record at reasonable cost.” (Op. cit., at 661.)
The Appellate Division, Second Department, recognized this to be the operative standard in Tower v Chemical Bank (140 AD2d 514, 516), a case discussed by Professor Siegel in the same Practice Commentary, wherein the Court observed: "In a personal injury action, a demand to furnish a defendant with written authorizations to obtain copies of the medical records of an injured plaintiff’s treating physicians is authorized by the general rules of disclosure set forth in CPLR 3101 (a) and an order compelling a plaintiff’s treating physicians to provide a copy of their medical records, at a reasonable cost, is authorized by CPLR 3120 (b) (see, Hoenig v Westphal, 52 NY2d 605; Reed v Cantwell, 110 Misc 2d 793).”
Peterson v Wert (supra), is also inapposite since, there, plaintiff had already provided defendants with access to the records and notes of treating physicians through written *252 authorizations to defense counsel, the precise relief which plaintiffs wrongfully refused to provide in this case.
In my view, the liberal construction to be accorded our disclosure rules, designed to promote the truth-determining function of the trial and the speedy disposition of cases, mandates disclosure here. The observation of the Court of Appeals in Hoenig v Westphal (52 NY2d 605, 610, supra), which dealt with the interaction of CPLR 3101 and 3121, in relation to the disclosure of attending physician reports, notwithstanding the absence of a request for an exchange of medical reports, is instructive:
"With the advent of liberal disclosure rules, there was an abandonment of the notion that the results of trial would be based on tactics or surprise; the outcome is to be based on the facts as developed through meaningful preparation prior to trial * * *
"Given the purposes of discovery, artificial barriers are not to be read into the carefully designed system favoring 'full disclosure’. Where, as here, the requests are specific and impinge upon no privilege, there can be no justification for a shield against disclosure.”
Clearly, the "full disclosure” to be afforded under the CPLR mandates production here. Any other determination would be a retreat to the sporting theory of justice; it would improperly result in surprise at trial, would prevent orderly and efficient trial preparation and would be most inequitable.
Accordingly, defendant’s motion is granted to the extent of directing plaintiffs to furnish defendant with copies of the records and documents sought by defendant’s several notices to produce and for discovery and inspection, or properly executed authorizations to obtain such records and documents, within 10 days after service of a copy of this order with notice of entry. In the event such disclosure is not made, plaintiffs shall be precluded from offering at trial any evidence as to any injuries or medical treatment requested or covered by such notices or demands and the physicians as to whom disclosure was requested, but not produced, shall be precluded from testifying at trial, without the necessity of a further order , of the court or application for relief.