Matter of Darlene TT. (2020 NY Slip Op 00018)





Matter of Darlene TT.


2020 NY Slip Op 00018


Decided on January 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 2, 2020

527742

[*1]In the Matter of Darlene TT., an Adult Adoptee. Darlene TT., Appellant.

Calendar Date: November 14, 2019

Before: Garry, P.J., Clark, Mulvey, Pritzker and Reynolds Fitzgerald, JJ.


Pamela Bleiwas, Ithaca, for appellant.



Garry, P.J.
Appeal from an order of the Family Court of Broome County (Young, J.), entered September 19, 2018, which dismissed petitioner's application, in a proceeding pursuant to Domestic Relations Law § 114 (4), to unseal adoption records.
In July 2018, petitioner, an adult adoptee, commenced this proceeding pro se seeking to access her sealed adoption records so that she might learn the identity of her biological father. By letter attached to her petition, she stated that she believes her biological father to be a convicted murderer, incarcerated after her biological mother (hereinafter the mother) testified against him. This man allegedly threatened to find the mother upon his release, causing the mother to live in fear and keep a low profile. Petitioner asserted that this man "knew of [petitioner] and [her] whereabouts," which she believes prompted her quick adoption at the age of nine. Given the rise of genealogy and ancestry websites, petitioner fears that the man she believes to be her biological father or members of his family may still "hold their anger" against her and the mother. Petitioner is aware of the mother's identity, but now seeks to know the identity of her biological father. Family Court denied her request and dismissed the petition, finding that petitioner failed to show good cause required under Domestic Relations Law § 114 (2) to access the sealed adoption records. Petitioner appeals.
We affirm. Established and binding precedent sets the standard for good cause quite high, for the stated policy purpose of protecting all parties involved, including the adoptee, the adoptive parents, the biological parents, and their relatives (see Golan v Louise Wise Servs. , 69 NY2d 343, 347-349 [1987]; Matter of Linda F.M. , 52 NY2d 236, 240 [1981]). Upon this appeal, petitioner's desire to know her complete ancestry has been sympathetically asserted, and it is possible that the underlying social mores are changing.[FN1] However, most of the arguments and factual allegations now presented are wholly unpreserved. We find no error in Family Court's dismissal of the petition given the limited record, which failed to demonstrate the requisite good cause (see Matter of Linda F.M. , 52 NY2d at 240; compare Matter of Wilson , 153 AD2d 748, 749 [1989]). Finally, it bears noting that the court dismissed the petition without prejudice, such that a more robust application meeting the standard may yet be made (see e.g. Matter of Hayden , 106 Misc 2d 849, 852 [Sup Ct, Albany County 1981]).
Clark, Mulvey, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Recent amendments to the Public Health Law and Domestic Relations Law allow adult adoptees to access their long form birth certificates, effective January 15, 2020 (see L 2019, ch 491, § 1).