William C. Hecht, Jr., J.
Heretofore, the court severed and disposed of other facets of this motion (see Sommers v. Federation of Jewish Philanthropies of N. Y., N. Y. L. J., Feb. 6,1968, p. 18, col. 2), reserving for further consideration plaintiffs’ request for an order directing defendants to supply them with a copy of the report of defendants’ examining physician, ‘ ‘ including any 1 confidential ’ memorandum which may be attached. ’ ’
In this medical malpractice action, plaintiffs were granted permission to serve a further bill of particulars (amplifying the type and extent of claimed injuries) and defendants were granted permission to conduct a further physical examination with respect to the matters contained in the further bill. No provision was made for exchange of medical information in that prior order. (See N. Y. L. J., Nov. 15, 1967, p. 19, col. 1.)
Defendants oppose plaintiffs’ instant request upon the authority of rule XI of Part I of the New York and Bronx County Supreme Court Rules (“ Exchange of Medical Information ”).
In its preamble, rule XI provides that, “ In all actions in which recovery is sought for personal injuries, disability or death, except actions for medical and dental malpractice, physical examinations and the exchange of medical information shall be governed by the provisions hereinafter set forth:” (emphasis added).
Thus, by its express terms, rule XI merely provides that physical examinations and exchange of medical information in malpractice actions are not governed by its provisions, and, presumably, the rule could have been construed to mean that one must look elsewhere for codification pf provisions governing malpractice actions. In fact, prior to the adoption of the CPLR, the above-quoted “ exception clause ” was construed (by negative implication) to exclude malpractice actions from any *531 requirement that the parties exchange medical information. (See, e.g., Griffin v. Jewish Hosp. of Brooklyn, 20 A D 2d 563 [2d Dept., 1963].) With the adoption of CPLB 3121, that construction of total exclusion was no longer valid, and, to the extent that our local rule for exchange of medical information was deemed inconsistent with CPLB 3121, the latter superseded the former. (See Kromanik v. Twiss, 44 Misc 2d 627; Fiore v. Bay Ridge Sanitarium, 48 Misc 2d 318; Mackey v. Holy Family Hosp., 52 Misc 2d 770; Hale v. St. Vincent’s Hosp., N. Y. L. J., May 26, 1964, p. 17, col. 8.) CPLB 3121 authorizes and provides the procedure for physical examinations and exchange of medical information in any action in which the mental or physical condition of a party is in controversy and malpractice actions are neither excluded nor excepted from its provisions. It thus appears that plaintiffs have an unqualified right to a written report of the results of the instant medical examination, upon satisfying the conditions set forth in CPLB 3121 (subd. [b]). Notwithstanding this clear entitlement to such report, plaintiffs are mindful of the general judicial condemnation of the practice of calling defendants’ medical experts as trial witnesses to bolster plaintiffs’ cases (see, e.g., Gugliano v. Levi, 24 A D 2d 591 [2d Dept., 1965] ; Gnoj v. City of New York, 29 A D 2d 404 [1st Dept., 1968]), and here expressly disclaim any intention of doing so, averring that their only object in securing this report is to permit them to adequately prepare for cross-examination of defendant’s medical expert.
It would appear that plaintiffs here demand more than the statute requires. They demand a copy of the identical report which the medical expert rendered to defense counsel, including any annexed “ confidential ” memoranda. The problem posed by such a demand is that either the “ confidential ” memorandum, if there be one, or the report rendered to defense counsel, may discuss, or contain an opinion on, the propriety of the treatment rendered by defendant hospital to the plaintiff. This court is of the view that such ‘ expert opinion ’ is protected by the qualified privilege afforded by CPLB 3101 (subd. [d]) and its disclosure requires a demonstration (not here made) that withholding such material would result in injustice or undue hardship to plaintiffs. CPLB 3121 (subd. [b]) does not mandate that plaintiff automatically be given access to such expert opinion (i.e., the section is not in conflict with CPLB 3101 [subd. (d)]), nor indeed, does it mandate that plaintiff receive the identical medical report rendered to defendant. It simply entitles plaintiff to “ a copy of a detailed written report of the examining physician setting out his findings and conclusions ” *532 in exchange for copies of all such reports in plaintiffs’ control. The ‘ ‘ findings and conclusions” referred to are the expert’s medical findings and conclusions, not his medico-legal opinions on the ultimate question of liability.
There seems to be little question but that a medical expert’s report containing his opinion on the question of liability, is not subject to ordinary exchange rules where said report is based upon other than the expert’s own treatment or examination of the plaintiff (see, e.g., Gugliano v. Levi, 24 A D 2d 591, supra; Gnoj v. City of New York, supra; see, also, Gannon v. Glass, 28 A D 2d 872; McDermott v. Manhattan Eye Hosp., 15 N Y 2d 20, 30).
The court is not persuaded that a different rule should obtain where an expert’s medico-legal opinions are based, in part, upon his personal examination of the plaintiff. Under such circumstances, it would seem that the defendant should be entitled to have all references to the question of the propriety of defendant’s acts or omissions in treating plaintiff expunged from the version of the examining physician’s report which is to be delivered to plaintiff. (The court notes that this problem of the admixture of medical conclusions and medico-legal opinions in one report was apparently present in Griffin v. Jewish Hosp. of Brooklyn (supra). Most courts which have declined to follow that decision do not consider that circumstance as a possible explanation for the result, but rather, emphasize the fact that the decision preceded the effective date of the OPLB and gives no indication that the effects of OPLB 3121 (subd. [b]) were considered by the court.).
Accordingly, plaintiffs’ motion is granted to the extent that defendants are directed to comply forthwith, with the provisions of OPLB 3121 (subd. [b]) as herein construed. In the event that plaintiffs have already transmitted to defendant copies of all such reports of examining physicians which are in their control, they shall so state in affidavit form and defendants shall deliver a report of their examining physician in exchange therefor.