OPINION OF THE COURT
Bentley Kassal, J.
The issue is whether a party in a personal injury action may be required to obtain and deliver a medical report from its treating or examining doctor under CPLR 3121 (subd [b]) and 22 NYCRR 660.11 or may it refuse to do so if the physical examination report has not been prepared and/or delivered to the party.
FACTS
Plaintiff, in a malpractice action, moves to strike defendant’s answer for failure to deliver the report of the defendant’s doctor who examined plaintiff after the demand pursuant to CPLR 3121 (subd [b]). Defendant resists on the basis that there has been no compliance by plaintiff with its demand for the exchange of medical information. Plaintiff’s position is that it has received no medical reports and, therefore there are none to exchange "in our control” and it does not believe any reports exist. Plaintiff’s attorney carefully avoids mention of whether any physicians have examined or treated plaintiff since the alleged malpractice occurred in August, 1975. Plaintiff also claims that the exception provided in the first paragraph of 22 NYCRR 660.11 overrides the CPLR and means that the exchange of medical information is not required in New York County in medical malpractice cases.
DECISION
As to plaintiff’s second contention, it is clear that the court rules may expand upon rights of discovery granted by the CPLR but they may not diminish those rights. (See Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3121:4, 5, pp 572-574.) Thus, the exceptions found in the first paragraph of section 660.11 merely limit the application of exchange procedures in section 660.11 (b) (1) to actions other than for malpractice. The rules in no way limit the requirements for the exchange of medical information provided by CPLR 3121 (subd [b]). (Pipers v Rosenow, 30 AD2d *874 690; see Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3121:5, pp 573-574.)
Plaintiffs other contention, that she need not exchange medical information, since she has none in its possession raises a more interesting question. Presumably at least one physician has examined the plaintiff since the alleged malpractice took place and probably several have. Such information is exclusively in plaintiffs possession.
Clearly the intent of the Legislature, in providing for medical exchange was that the results of all medical examinations, whether or not favorable to the party examining, be exchanged. Certainly plaintiff would not contend that defendant could shield from disclosure an unfavorable report of is examining physician merely by not having it delivered to its possession or reduced to writing.
As recently stated by the Appellate Division of this department in construing this section of the CPLR: "Nor was it the intent of the Legislature to allow a party to frustrate disclosure of material and necessary medical records by the simple expedient of not calling as witnesses treating physicians whose testimony may well be detrimental to the patient’s claims. By commencing the action plaintiff put in controversy her physical condition; she cannot now limit that controversy to the medical records she wishes disclosed.” (Greuling v Breakey, 56 AD2d 540, 542.)
To interpret CPLR 3121 as granting the option to a party to frustrate disclosure by the simple expedient of asking the physician either to delay or not to render a written report when the findings are unfavorable or the party does not then wish to have them exchanged. This would easily defeat the clear legislative intent behind this section.
Therefore, defendant is directed to supply plaintiff with a copy of a detailed written report of Dr. Debrovner setting out his findings and conclusions within 20 days after service upon defendant of copies of similar detailed written reports of all physicians who have examined plaintiff at her request together with an affidavit that no physician not so reporting has examined the plaintiff since the cause of action arose with regard to the injury alleged to be the basis of the cause of action.