OPINION OF THE COURT
Chief Judge Cooke.
Involved on these appeals are questions concerning the effect, operation and interaction of CPLR 3101 and 3121. Specifically, this court is asked to determine whether, in personal injury actions, attending physicians’ reports are discoverable when a plaintiff has not requested an exchange of medical reports.
These actions were commenced by plaintiffs for personal injuries resulting from automobile accidents in which defendants were involved. Following service of the complaint and answer in Hoenig v Westphal, plaintiff served a verified bill of particulars which specified the treating physicians and dates of treatment. By interrogatories, defendant sought to establish the existence of attending physicians’ reports and their contents, including medical history, prescribed treatment, diagnosis and prognosis. Defendant also requested production of any reports identified. *608 Plaintiff failed to comply and defendant moved to compel answers to the interrogatories. Plaintiff opposed the motion on the ground that the disclosure requested was contrary to CPLR 3121. Special Term denied the motion.
As in Hoenig, plaintiff in Calhoun v Pickett served a verified bill of particulars specifying treating physicians and the dates of treatment. Defendant served a notice of examination before trial together with a notice to produce the reports of each attending physician showing examination, diagnosis and treatment. Plaintiff thereafter successfully moved for a protective order to strike the request for production of attending physicians’ reports.
Both orders were appealed to the Appellate Division. That court reversed in each case, determining that CPLR 3101 permits discovery of attending physicians medical reports. The dissent disagreed, arguing that CPLR 3121 limits the more general provision of CPLR 3101 and prohibits discovery of doctors’ records and reports absent an exchange initiated by the party examined under CPLR 3121 (subd [a]). The Appellate Division thereafter certified to this court the questions of the correctness of its orders. We now affirm and answer the questions certified in the affirmative.
CPLR 3101 defines the scope of disclosure and provides that “[t]here shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof” (CPLR 3101, subd [a]). This provision has been liberally construed to require disclosure where the matter sought will “assist preparation for trial by sharpening the issues and reducing delay and prolixity” (Allen v Crowell-Collier Pub. Co., 21 NY2d 403, 406). Thus, restricted only by a test for materiality “of usefulness and reason” (id.), pretrial discovery is to be encouraged.
Specifically exempted from this mandate for full disclosure are matters protected by some privilege (CPLR 3101, subd [b] and material prepared for litigation (CPLR 3101, subd [d]). Of course, plaintiffs do not and may not claim the physician-patient privilege, for that privilege was waived by commencement of these personal injury actions *609 in which physical condition was affirmatively put in issue (Prink v Rockefeller Center, 48 NY2d 309; Koump v Smith, 25 NY2d 287). Nor can plaintiffs now claim the exemption for material prepared for litigation, as the requests here on their face seek only reports of specified attending or treating doctors concerning medical history, diagnosis and treatment. Plaintiffs did not below and do not here support a claim that such reports are material prepared primarily, if not solely, for litigation (see Zimmerman v Nassau Hosp., 76 AD2d 921; Weisgold v Kiamesha Concord, 51 Misc 2d 456; Siegel, New York Practice, § 348, p 430). Since there can be no dispute that the reports sought are “material and necessary” to the defense, CPLR 3101 on its face permits discovery.
Plaintiffs nonetheless resist disclosure based upon a purported restriction in CPLR 3121 on disclosure otherwise authorized. In plaintiff’s view, CPLR 3121 is the exclusive mechanism for discovery of medical reports and a plaintiff may prevent discovery by the simple expedient of refusing to request medical reports in the hands of another party. Thus, the scope of discovery is to be determined by a plaintiff’s strategic decision not to request an exchange of medical information. We decline to adopt such a narrow view of the discovery procedures and conclude that defendants were entitled to disclosure.
CPLR 3121 is an important disclosure device available in cases in which physical or mental condition is in controversy. Subdivision (a) requires a party to submit to a physical examination upon request of another party and to give authorization for release of hospital records. Subdivision (b) provides that a copy of the report of the examining physician must be given to “any party requesting to exchange therefor a copy of each report in his control of an examination made with respect to the mental or physical condition in controversy” (CPLR 3121, subd [b]). Contrary to plaintiffs’ argument, this rule broadens rather than restricts discovery. Read in context, the exchange provision relates to reports of examinations conducted pursuant to subdivision (a) or otherwise specifically for the litigation. Since such reports, for whomever prepared, could be classi *610 fied as material prepared for litigation and thus exempt from disclosure under CPLR 3101 (subd [d]), 3121 (subd [b]) gives the plaintiff or another party a right to discovery not otherwise available. Subdivision (b) quite simply makes discoverable from a person requesting an examination material otherwise not discoverable. It cannot be read to restrict the right to discover material generally subject to disclosure.
Plaintiffs offer no reason to shield these doctors’ reports from discovery. Indeed, plaintiffs’ interpretation of the discovery scheme runs counter to its rationale. The procedures advance the truth-determining function of trial and speedy disposition of cases (see Allen v Crowell-Collier Pub. Co., 21 NY2d 403, 407, supra; Rios v Donovan, 21 AD2d 409, 411). With the advent of liberal disclosure rules, there was an abandonment of the notion that the results of trial would be based on tactics or surprise; the outcome is to be based on the facts as developed through meaningful preparation prior to trial.
Plaintiffs have placed their physical condition in controversy and may not insulate from disclosure material necessary to the defense concerning that condition (see Greuling v Breakey, 56 AD2d 540; Moses v Woodbury, 54 AD2d 961; Brooks v Hausauer, 51 AD2d 660). Given the purposes of discovery, artificial barriers are not to be read into the carefully designed system favoring “full disclosure”. Where, as here, the requests are specific and impinge upon no privilege, there can be no justification for a shield against disclosure.
Accordingly, the orders of the Appellate Division should be affirmed, with costs, and questions certified answered in the affirmative.
Judges Jasen, Gabrielli, Jones, Wachtler, Fuchs-berg and Meyer concur.
In each case: Order affirmed, etc.