OPINION OF THE COURT
Lawrence E. Kahn, J.
The plaintiff moves for an order compelling the defendant to furnish the plaintiff with copies of the written report of the physician, who examined the plaintiff on defendant’s behalf with respect to the injuries giving rise to this litigation.
This is an action to recover money damages for personal injuries allegedly sustained by plaintiff as a result of an accident occurring on April 25, 1978. The defendant has caused the plaintiff to be examined by a physician of its choosing and is in possession of a copy of the physician’s report. Defense counsel had made a demand upon plaintiff to be provided with copies of reports for treating physicians. Accordingly, on May 19,1981, the plaintiff supplied the defendant with medical authorizations permitting it to obtain copies of the reports and records of her treating physicians. At the same time, plaintiff demanded that the defendant exchange a copy of its physician’s report. Defense counsel refused, resulting in this motion. CPLR 3121 (subd [b]) provides: “A copy of a detailed written report of the examining physician setting out his findings and conclusions shall be delivered by the party seeking the examination to any party requesting to exchange therefor a copy *627 of each report in his control of an examination made with respect to the mental or physical condition in controversy.”
It is the position of the defendant that CPLR 3121 (subd [b]) does not require the exchange of a defendant’s examining physician’s report when the plaintiff does not exchange and return therefore the report of a nontreating expert witness. In other words, defense counsel claims that the reports of a plaintiff’s treating physicians are not encompassed by the language of the statute. Defense counsel’s construction of this statute is erroneous.
In the case of Calhoun v Pickett (52 NY2d 605), the Court of Appeals made it abundantly clear that pretrial discovery is to be encouraged in order to assist the just and speedy resolution of litigation, and that the discovery provisions of the CPLR are to be broadly construed to encourage the exchange of medical information in personal injury claims. The Court of Appeals in the Calhoun case reiterated that disclosure is a truth seeking process and not a game to be won or lost upon the clever strategic moves of counsel. Returning to the language of CPLR 3121 (subd [b]), there is nothing contained therein to support the construction the defendant seeks. If the Legislature wished to limit the scope of the statute to the reports of nontreating expert physicians, it possessed sufficient capacity with the English language to do so.
The motion of the plaintiff for an order requiring the defendant to furnish the plaintiff with copies of the reports of its examining physicians shall be granted, with $20 motion costs awarded to the plaintiff.