OPINION OF THE COURT
Robert C. Williams, J.
Defendant seeks an order pursuant to CPLR 3101 and 3126 which would impose sanctions on plaintiff for a willful failure and refusal to obey a notice for discovery and inspection.
The notice for discovery and inspection seeks authorizations to permit inspection of medical reports as well as copies of the reports themselves. Plaintiff supplied the authorizations but not the reports, stating that the authorizations can be used to obtain the records. Alternatively, plaintiff has agreed to supply copies if defendants will share the costs, i.e., pay $117.55. Refusing to pay, defendants brought this motion.
It is eminently reasonable to this court that each party, during the course of the litigation, bear the expense of prosecuting or defending its own case. Although it is true that medical reports are subject to discovery and defendant has a right to them (Calhoun v Pickett, 52 NY2d 605), it does not necessarily follow that a plaintiff must bear the cost of defendant’s exercising that right.
*917 In a situation where a plaintiff is injured and seeks redress, it often is such that the plaintiff can only pursue its remedy by retaining an attorney on a contingency basis. Otherwise, a plaintiff might not be able to afford to right the wrong done to it. To require a plaintiff to bear the cost of defendant’s discovery could destroy a plaintiff’s fiscal ability to prosecute an action, a result this court will not allow.
Accordingly, defendant town’s motion is denied, with prejudice and with costs.