■ HARRY POPICK et al., Appellants, v MARC JONAS et al., Respondents.—Order, unanimously reversed, on the law, with costs and motion granted. Memorandum: In this personal injury action, plaintiff Adele Popick, as required by CPLR 3121, submitted to a physical examination requested by defendants and provided them with a copy of a report of her attending physician and an authorization to obtain a copy of her hospital record. When defendants refused to supply plaintiffs with a copy of the report of defendants' examining physician, plaintiffs brought this motion to obtain the report. Special Term denied the motion for the reasons that the medical report prepared by plaintiff's physician and forwarded to defendants "omits the detail required by [22 NYCRR 1024.25]", and that it does not qualify as a medical report subject to discovery under CPLR 3121 (b) since that section "refers only to the exchange of reports which are otherwise privileged from disclosure as material prepared for litigation", citing *Hoenig v Westphal* (52 NY2d 605).

We disagree with this interpretation of *Hoenig* (*supra*). There, the Court of Appeals did not hold that a plaintiff's attending physician's reports were not discoverable under CPLR 3121; it merely held that CPLR 3121 was not the exclusive mechanism for discovery of those medical reports and that they could be obtained by a defendant under CPLR 3101, even when plaintiff has not requested an exchange of medical reports. The court explained that subdivision (b)

simply "makes discoverable from a person requesting an examination material otherwise not discoverable" (*Hoenig v Westphal, supra,* p 610). Thus, once a defendant obtains a physical examination of a plaintiff as authorized by CPLR 3121 (a), he cannot thereafter ignore subdivision (b) of that section. That subdivision requires only that plaintiffs offer to exchange those reports in their control at the time defendants request the physical examination; it does not give defendants the option to refuse to deliver the report of the physical examination made at their request until they receive a more detailed report from plaintiff's physician (*see, Scott v Berry,* 81 Misc 2d 656, 657).

Whatever remedies the defendants may have under Rule 1024.25, they do not include the withholding of the report of their examining physician in contravention of CPLR 3121 (b). (Appeal from order of Supreme Court, Oneida County, Murphy, J.—discovery.) Present—Dillon, P. J., Doerr, Boomer, O'Donnell and Pine, JJ.