■ JOHN S. PIERSON et al., Respondents, v NORMAN YOUR-ISH, Appellant.—In a medical malpractice action, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Robbins, J.), dated May 1, 1985, as denied that branch of his motion which sought from the plaintiffs a copy of a report of an unnamed physician who had examined the injured plaintiff John S. Pierson in connection with this action.

Order reversed insofar as appealed from, with costs, the aforementioned branch of the defendant's motion granted, the plaintiffs are directed to obtain a detailed written report of the findings and conclusions of the unnamed physician based upon his examination of the injured plaintiff and serve a copy of the same upon the defendant within 45 days of service upon them of a copy of the order to be made hereon, with notice of entry.

During the injured plaintiff's examination before trial it was revealed that in addition to those examining and treating physicians whose names had been revealed to the defendant, he had been examined by another unnamed physician with regard to the physical condition in controversy. The defendant seeks to compel production of a copy of a report of this physician based upon his physical examination of the injured plaintiff, arguing that such disclosure was mandated by CPLR 3121 (b) since the defendant had exchanged copies of the reports of his physician who had examined the injured plaintiff pursuant to CPLR 3121 (a). The plaintiffs opposed this request on the ground that this unnamed physician was an expert who had examined the injured plaintiff solely in preparation for litigation and, as such, any report by him was conditionally privileged from disclosure (CPLR 3101 [d]). The plaintiffs also alleged that this physician never produced a written report. Special Term agreed with the plaintiffs and denied the defendant's request.

We now reverse. Following the defendant's exchange of the reports of his examining physician who examined the injured plaintiff pursuant to CPLR 3121 (a), the plaintiffs were obligated to exchange a copy of each report in their control of an examination made of the injured plaintiff with respect to the physical condition in controversy (CPLR 3121 [b]). The plaintiffs' argument that the material is privileged since the unnamed physician in question was retained as an expert and examined the injured plaintiff solely in preparation for litigation (CPLR 3101 [d]) is without merit. As noted by the Court of Appeals in *Hoenig v Westphal* (52 NY2d 605, 609-610): "the

exchange provision [of CPLR 3121 (b)] relates to reports of examinations conducted pursuant to subdivision (a) [of CPLR 3121] or otherwise specifically for litigation. Since such reports, for whomever prepared, could be classified as material prepared for litigation and thus exempt from disclosure under CPLR 3101 (subd [d]), 3121 (subd [b]) gives the plaintiff or another party a right to discovery not otherwise available. Subdivision (b) quite simply makes discoverable from a person requesting an examination material otherwise not discoverable."

Thus, CPLR 3101 (d), as it applies to this case, cannot serve to protect the report of the unnamed physician from disclosure (CPLR 3121 [b]; *Hoenig v Westphal, supra*). We also find the plaintiffs' claim that since no written report was prepared there is no obligation to disclose, without merit. The plaintiffs cannot "frustrate disclosure by the simple expedient of asking the physician either to delay or not to render a written report" and thus negate the purpose and intent of the statutes governing discovery *(see, Lebowitz v Cinberg,* 94 Misc 2d 872, 874). Accordingly, the plaintiffs are to secure from the unnamed physician, and to provide to the defendant, a detailed written report of his findings based upon his examination of the injured plaintiff. As the defendant concedes, such report need not contain this physician's opinions as to the propriety of the defendant's acts or omissions in treating the injured plaintiff *(see, Sommers v Federation of Jewish Philanthropies,* 56 Misc 2d 529). Brown, J. P., Weinstein, Rubin and Kooper, JJ., concur.