OPINION OF THE COURT
William H. Keniry, J.
The defendant, by notice of motion dated January 16, 1987, seeks permission to renew the plaintiffs’ motion for a protec *985 tive order which was granted in a decision and order of this court dated September 11, 1986. The decision denied defendant’s request for discovery of the report of the plaintiffs’ expert witness beyond the information allowed by CPLR 3101 (d) (1).
The defendant contends that the renewal of this motion is now warranted based upon the plaintiffs’ letter of September 5, 1986 requesting, pursuant to CPLR 3121 (b), a copy of the report of defendant’s examining physician. That letter was not before the court at the time that the protective order was granted. The defendant argues that the plaintiffs, by affirmatively seeking to exchange medical reports under CPLR 3121 (b), have effectively waived any objection to the production of the medical report of their expert witness. Therefore, defendant contends the protective order previously granted should be vacated and discovery allowed.
The plaintiffs cross-move to compel the defendant to deliver a copy of the report of the dentist who examined the plaintiff on his behalf and have also moved by separate notice of motion, pursuant to CPLR 3126, to strike the defendant’s answer for his willful failure to respond to certain discovery demands.
The defendant’s motion to renew is granted. Although the defendant waited approximately four months from the date of the court’s decision to initiate this application, there is no time limitation imposed upon a motion to renew (Prude v County of Erie, 47 AD2d 111). The court will exercise its discretion and consider the effect of the September 11, 1986 letter on the issue raised.
It is clear, based upon the plaintiff Valerie Benedict’s testimony, that the dental examination conducted by the dentist in New York City was for purposes of trial preparation and testimony, not for treatment. Based upon such a finding, this court ruled that the defendant was only entitled to the discovery authorized by CPLR 3101 (d) (1) with respect to this expert witness.
Relying upon Hoenig v Westphal (52 NY2d 605), the defendant contends that the entire report of plaintiffs’ examining expert should be disclosed. Support for this argument lies in the Court of Appeals language in Hoenig which interpreted CPLR 3121 (b) in an expansive manner and stated: "the exchange provision relates to reports of examinations conducted pursuant to subdivision (a) or otherwise specifically for *986 the litigation. Since such reports, for whomever prepared, could be classified as material prepared for litigation and thus exempt from disclosure under CPLR 3101 (subd [d]), 3121 (subd [b]) gives the plaintiff or another party a right to discovery not otherwise available” (52 NY2d, at 609-610). This court notes that Hoenig was concerned only with the discovery of treating physicians’ records and that the Court of Appeals there concluded that attending physicians’ reports are discoverable when plaintiff has not requested an exchange of medical reports.
Based upon the recent decision of Pierson v Yourish (122 AD2d 202), the court, upon renewal, must deny the plaintiffs’ motion for a protective order. The facts of Pierson are identical to the case at bar. There the Appellate Division, Second Department, held that the plaintiff was required to disclose the report of an unnamed physician who examined the injured plaintiff solely for purposes of litigation. The plaintiff had previously provided a copy of all treating physicians’ records but argued that the report of this unnamed expert was conditionally privileged from discovery. The Appellate Division rejected that argument and ordered the discovery upon the ground that a CPLR 3121 (b) exchange had occurred. The court, in reversing Special Term’s denial of discovery, stated: "Following the defendant’s exchange of the reports of his examining physician who examined the injured plaintiff pursuant to CPLR 3121 (a), the plaintiffs were obligated to exchange a copy of each report in their control of an examination made of the injured plaintiff with respect to the physical condition in controversy (CPLR 3121 [b]). The plaintiffs’ argument that the material is privileged since the unnamed physician in question was retained as an expert and examined the injured plaintiff solely in preparation for litigation (CPLR 3101 [d]) is without merit. As noted by the Court of Appeals in Hoenig v Westphal (52 NY2d 605, 609-610): 'the exchange provision [of CPLR 3121 (b)] relates to reports of examinations conducted pursuant to subdivision (a) [of CPLR 3121] or otherwise specifically for litigation. Since such reports, for whomever prepared, could be classified as material prepared for litigation and thus exempt from disclosure under CPLR 3101 (subd [d]), 3121 (subd [b]) gives the plaintiff or another party a right to discovery not otherwise available. Subdivision (b) quite simply makes discoverable from a person requesting an examination material otherwise not discoverable.’ ” (Supra, at 202-203.)
*987 The disclosure of the report of a nontreating expert witness whom the plaintiff did not intend to call at trial was ordered also by the Appellate Division, First Department, in Moreno v Greater N Y. Dental Adm’rs (120 AD2d 343). There, the plaintiff had obtained an order directing the defendants to disclose the reports of their examining physicians based upon the plaintiffs earlier request for such information (120 AD2d, at 345). The court in Moreno based its decision upon the Court of Appeals holding in Hoenig v Westphal (supra).
Here, the plaintiffs’ initiation of a CPLR 3121 (b) exchange has effectively waived any privilege that may have existed with respect to the report of the "unnamed” dentist from New York City. However, the Pierson decision (supra) does not mandate full disclosure of the expert’s report. Accordingly, any portions of the expert’s report which contain "opinions as to the propriety of the defendant’s acts or omissions in treating the injured plaintiff” (122 AD2d, at 203) may be redacted except to the extent that such information must be disclosed under CPLR 3101 (d). The plaintiffs shall provide the report within 20 days of the service of a copy of the order entered herein, with notice of entry, upon their attorneys.
The plaintiffs’ cross motion is granted and the defendant is hereby directed to supply a copy of the report of Dr. Shaughnessy to the plaintiffs subject to the same content restrictions and within the same time period detailed above.
The plaintiffs’ motion to strike the defendant’s answer for willful failure to disclose is denied. Both sides are directed to fully comply with CPLR 3101 (d).