OPINION OF THE COURT
David Goldstein, J.
The novel issue raised on this motion is whether a party may be compelled to produce a supplemental medical report, prepared following a review of records and/or test results, which review was held in lieu of a further physical examination, where the physician had previously examined plaintiff and rendered a report, which was disclosed. Under the liberal disclosure to be accorded by the CPLR, the court holds such report to be by an "examining physician” (CPLR 3121 [b]) and, therefore, subject to disclosure.
*225 Plaintiff in this personal injury action seeks to recover for injuries sustained when her vehicle was struck in the rear on the Long Island Expressway on December 29, 1979. Prior to the case having been placed on the Trial Calendar, Dr. John Sheppard conducted a physical examination of the plaintiff on defendants’ behalf. This report, issued May 30, 1986, was produced pursuant to the medical exchange rules before the case was noticed for trial (22 NYCRR 202.17).
Following service of a third supplemental bill of particulars, which raised a new injury, namely, a herniated cervical disc and bulge of the lumbar disc, defendants were granted leave to hold a further physical examination. In lieu of this they submitted to Dr. Sheppard the reports of the magnetic resonance imaging (MRI) X rays, taken December 11, 1987 and March 31, 1988, which revealed a herniated disc at C5-C6. Thereafter, Dr. Sheppard rendered a supplemental report, the subject of this motion. Inasmuch as defendants claim that this report is material prepared for litigation, a copy was submitted for an in camera inspection but has not been examined by the court.
CPLR 3101 (a) directs "full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof’. The statute has been liberally construed to require disclosure of any information related to the issues "which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason.” (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406.)
The broad, liberal disclosure rules are further fostered by CPLR 3121. Subdivision (a) requires a party to submit to a physical examination upon request and provides for the giving of authorizations for the release of hospital records. Subdivision (b) directs disclosure of reports of an "examining physician” to "any party requesting to exchange therefor a copy of each report in his control of an examination made with respect to the mental or physical condition in controversy.” This rule, it has been held, "broadens rather than restricts discovery” (Hoenig v Westphal, 52 NY2d 605, 609) and has been applied to authorize disclosure of reports of treating or examining physicians (Pierson v Yourish, 122 AD2d 202; Moreno v Greater N. Y. Dental Adm’rs, 120 AD2d 343; Brooks v Hausauer, 51 AD2d 660).
In Hoenig v Westphal (supra), the Court of Appeals held *226 that reports of plaintiffs attending physicians were discoverable, notwithstanding that plaintiff had not requested an exchange of medical reports under CPLR 3121: "Read in context, the exchange provision relates to reports of examinations conducted pursuant to subdivision (a) or otherwise specifically for the litigation. Since such reports, for whomever prepared, could be classified as material prepared for litigation and thus exempt from disclosure under CPLR 3101 (subd [d]), 3121 (subd [b]) gives the plaintiff or another party a right to discovery not otherwise available. Subdivision (b) quite simply makes discoverable from a person requesting an examination material otherwise not discoverable. It cannot be read to restrict the right to discover material generally subject to disclosure.” (52 NY2d, at 609-610, supra.)
Thus, CPLR 3121 establishes an independent basis to secure production of relevant medical records and reports. Where it appears that plaintiff has been examined on a matter relevant to the issues in suit, the report of the examining physician must be produced, regardless whether plaintiff intends to call the physician as an expert witness (see, Moreno v Greater N. Y. Dental Adm’rs, supra; Grueling v Breakey, 56 AD2d 540). Nor may a party frustrate the liberal disclosure contemplated by the rules by not requesting an exchange of medical information (Hoenig v Westphal, supra), or by the simple expedient of asking the physician to delay or not to render a written report (Pierson v Yourish, supra; Lebowitz v Cinberg, 94 Misc 2d 872).
In this case, the court is not confronted with a situation where a party seeks production of a report by a medical expert who only reviewed records and documents and did not examine or treat the party (see, Donato v Lilly & Co., 37 AD2d 817). In Donato, the Appellate Division, First Department, denied disclosure of reports of an expert physician who did not treat or examine the decedent. Whether the holding of that case would obtain today, especially in view of the liberal and expansive interpretation accorded to the CPLR disclosure rules, is not before the court on this motion. Here, although the report was made following a review of records, the rendering physician had previously examined plaintiff and, in my view, was an "examining physician” within the scope of CPLR 3121.
Applying the general discovery principles to this case, I conclude that Dr. Sheppard’s supplemental report must be produced. The liberal disclosure rules apply to defendants as *227 well as to plaintiffs. The third supplemental bill of particulars, adding a new injury, afforded defendants the opportunity of a further physical examination, which they waived, choosing in lieu thereof to submit the MRI reports to their expert. Had the additional examination been held, concededly, the report of that examination would be subject to production. Any such examination, of necessity, would have included a review of the MRI reports. Defendants’ election to waive a further physical and, instead, have their expert review the X-ray reports, should not render the supplemental report either privileged or otherwise immune from disclosure.
This result is more in line with the liberality to be accorded our disclosure rules, designed to promote the truth-determining function of the trial and the speedy disposition of cases. Instructive in this context is the observation by the Court of Appeals in Hoenig v Westphal (supra, at 610):
"With the advent of liberal disclosure rules, there was an abandonment of the notion that the results of trial would be based on tactics or surprise; the outcome is to be based on the facts as developed through meaningful preparation prior to trial * * *
"Given the purposes of discovery, artificial barriers are not to be read into the carefully designed system favoring 'full disclosure’. Where, as here, the requests are specific and impinge upon no privilege, there can be no justification for a shield against disclosure.”
The "full disclosure” accorded by the CPLR mandates production here. Any other determination would improperly result in surprise at trial and would be inequitable. Defendants would thereby be permitted to offer a medical opinion, which had been shielded from disclosure, based to some extent upon a review of records and test results furnished by plaintiff in the routine course of discovery. This would unfairly prejudice plaintiff, who had complied with the CPLR’s policy of full and frank disclosure. This is particularly so where, as here, defendants’ expert had previously examined plaintiff and his prior report was produced. Plainly, disclosure will assist in preparing for trial, especially in terms of cross-examination as to whether the MRI results in any way affected Dr. Sheppard’s opinion as to the nature, extent and cause of plaintiff’s claimed debilitating condition.
Accordingly, the motion is granted to the extent of directing defendants to furnish plaintiff with Dr. Sheppard’s supplemen *228 tal report within 10 days after service of a copy of this order with notice of entry. In the event the report is not produced, Dr. Sheppard shall be precluded from testifying as to any matter not within the scope of his original May 30, 1986 report. The sealed supplemental report, heretofore submitted for an in camera inspection, shall be returned to defense counsel.