OPINION OF THE COURT
S. Barrett Hickman, J.
Plaintiff’s motion is granted in part as indicated. Defendants’ motion is granted in part as indicated.
On August 12, 1987, at the request of plaintiff’s attorney, an unnamed physician examined plaintiff and prepared a report dated January 25, 1988. Thereafter, pursuant to a CPLR 3121 (b) demand, the report was provided to defendants’ attorney (see, Pierson v Yourish, 122 AD2d 202). However, the physi *1003 cian’s name and address were redacted from the copy provided.*
Defendants claim that they are entitled to the examining physician’s name and address, in addition to authorizations for his or her office records.
Plaintiff claims that the unnamed, nontreating physician was retained solely as an expert for purposes of litigation and that the information sought is therefore conditionally privileged (CPLR 3101 [d]).
The court begins its analysis by noting that disclosure of the unnamed physician’s report was necessary because of an exception to the general rule that material prepared for litigation is conditionally privileged (see, Hoenig v Westphal, 52 NY2d 605, 609-610; Pierson v Yourish, supra; CPLR 3121 [b]). While this exception gives defendants "a right to discovery not otherwise available” (Hoenig v Westphal, supra, at 610), the court believes that it should be narrowly construed in accordance with the purpose for the exception.
Physical examinations are permitted pursuant to CPLR 3121 (a) for the general purposes of avoiding surprise at trial and attempting "to narrow the areas of medical disputes and to eliminate most of the controversy relating to the medical side” of cases (Evens v Denny’s, Inc., 129 Misc 2d 767, 768). Accordingly, even if a physical examination is performed solely for purposes of litigation, a plaintiff must provide to defendant under the exchange provisions of CPLR 3121 (b), "a detailed written report of [the physician’s] findings based upon his examination of the injured plaintiff” (Pierson v Yourish, supra, at 203).
However, this required disclosure is tempered by plaintiff’s countervailing right to conceal trial strategy (see, Johnson, Drake & Piper v State of New York, 62 Misc 2d 725, 728) and to restrict disclosure of material prepared for litigation (see, Marziano v City of Yonkers, 105 AD2d 832). Consequently, the "report need not contain this physician’s opinions as to the propriety of the defendant’s acts or omissions in treating the injured plaintiff” (Pierson v Yourish, supra, at 203).
In the instant case, the court must balance between these two rights and determine the scope of CPLR 3121 (b) as applied to the issue at hand. The Appellate Division, First *1004 Department, has construed the exchange provision so broadly as to require the granting of a motion seeking, inter alia, disclosure of “the names and addresses of all * * * examining physicians” (Moreno v Greater N. Y. Dental Adm’rs, 120 AD2d 343). While the name of the specific examining physician in Moreno had previously been discovered by defendant, the granting of defendant’s entire motion in that case is an indication of how broadly the Hoenig v Westphal line of cases has been interpreted. Therefore, the court is constrained to hold that plaintiff must disclose the name and address of the examining physician.
However, the court does not believe that the Hoenig v Westphal line of cases can be read so expansively as to require plaintiff to provide authorizations for the medical records of the physician. Defendants do not suggest that the physician treated plaintiff or examined plaintiff for purposes other than litigation. Plaintiff must supply a detailed written report of a named physician’s findings. To require disclosure of his or her office records would clearly go beyond the scope of permissible discovery.
Plaintiff is directed to provide to defendants, within 20 days after service of this decision and order with notice of entry thereon, the name and address of the examining physician who prepared the previously disclosed report.
In those respects not specifically addressed by this decision and order the motions of the respective parties are denied.

 As this action was commenced prior to July 1, 1985, the revised provisions of CPLR 3101 (d) are inapplicable (L 1985, ch 294, § 4).