■ GREGORY BURCH, Appellant, v LAURA L. GOULD, Respondent.—Casey, J. Appeal from an amended order of the Supreme Court (Dier, J.), entered September 6, 1988 in Washington County, which conditionally granted defendant's motion for an order of preclusion and directed plaintiff to provide a further bill of particulars.

Plaintiff commenced suit against defendant to recover for personal injuries sustained in a motor vehicle accident on October 4, 1987 when plaintiff was a passenger in defendant's car which ran off the highway. The damages claimed consisted of personal injuries, lost earnings and medical expenses. Defendant served an answer on June 1, 1988 with accompanying demand for a bill of particulars and notice for discovery and inspection. Contending that plaintiff provided unsatisfactory or insufficient information with respect to demands 3, 4, 6, 7, 8, 10 (a), 10 (b), 10 (c), 11 and 12 of the bill of particulars and unreasonably refused to answer the demands contained in paragraphs 4, 6, 7, 8, 9 and 10 of the notice for discovery and inspection, defendant moved, pursuant to CPLR 3042 (d) and 3124, for an order of preclusion or, in the alternative, directing compliance with the demands. Supreme Court conditionally granted defendant's motion by directing plaintiff to furnish a further bill of particulars as to demands 3, 4, 6, 7, 8, 10 (a), 10 (b), 10 (c), 11 and 12 within 30 days from the service upon him of a copy of the order with notice of entry. The court further directed plaintiff to furnish responses to para-

graphs 4, 6 and 9 of the notice of discovery and inspection within 30 days of service of a copy of the order with notice of entry. Supreme Court denied defendant's request to compel plaintiff to respond to the discovery demands contained in paragraphs 7, 8 and 10. Plaintiff has appealed.

We find no reason to disturb the order of Supreme Court. The names and addresses of the physicians treating plaintiff, the cost of that treatment, and the acts and places of the treatment, as demanded in paragraphs 10 (a), 10 (b), 10 (c), 11 and 12 of the demand for a bill of particulars, are relevant to the injuries sustained by plaintiff, as well as to the threshhold issue of "serious injury". As to defendant's request in paragraphs 3, 4, 6, 7 and 8 of the demand for a bill of particulars relating to the seriousness and permanency of plaintiff's injuries, these demands were properly ordered by Supreme Court to be answered (see, D'Onofrio v Davis, 14 AD2d 960). If further information is developed at a future time that information may then be provided.

Supreme Court was also correct in requiring plaintiff to respond to demands 4, 6 and 9 of the notice of discovery and inspection by furnishing defendant with authorization to review and copy reports of all doctors and hospitals involving plaintiff (see, Hoenig v Westphal, 52 NY2d 605). The Hoenig case clearly holds that a plaintiff waives any privileges he has with respect to his medical condition by bringing suit for damages for his injuries (supra, at 608-610; see, Koump v Smith, 25 NY2d 287), as well as plaintiff's no-fault insurance file in relation to subject accident.

In discovery demand 6, defendant has requested copies of plaintiff's Federal income tax returns for the past three years. Plaintiff requested that such information be limited to the information contained in his W-2 and 1099 forms. Plaintiff's Federal tax returns must be provided as ordered by Supreme Court (see, Gilligan v Lepone, 31 AD2d 630). Furthermore, since we find defendant's demands to be proper, plaintiff's failure to timely move for a protective order (CPLR 3042 [a]) constitutes a waiver of any objection to the demands (see, Morell v Saratoga Harness Racing, 44 AD2d 884). The order appealed from should in all respects be affirmed.

Amended order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Yesawich, Jr., JJ., concur.