*905 OPINION OF THE COURT
David Goldstein, J.
This is a motion by defendant to preclude plaintiff from offering at trial the testimony of Dr. Paul Post, upon the ground that counsel failed to comply with court rules with regard to the exchange of medical information (22 NYCRR 208.13).
The action was brought to recover for injuries sustained in an automobile accident on January 4, 1985. The case was originally noticed for trial in December 1987. After transfer to this court pursuant to CPLR 325 (d), the matter appeared on the Trial Calendar at least seven times before being marked off on April 10, 1989. The case was restored to the calendar on May 18, 1989, on the representation that all preliminary proceedings had been completed. At a conference held September 25, 1989, plaintiff sought to serve upon defendant the report of Dr. Post’s March 13, 1989 examination. That report, dated April 18, 1989, was in existence and in plaintiff’s possession when he moved to restore the case to the calendar in May 1989, but was never disclosed to defendant at that time. The case is now scheduled for trial on December 4, 1989.
In support of the motion, defendant argues that service of the report in court, after the case had been noticed for trial, did not satisfy the medical exchange rules. In opposition, plaintiff claims that there was no resulting prejudice, the report does not add new or additional injuries and deals with the very same complaints disclosed in the original bill of particulars and in the hospital record. Thus, the medical exchange rules ought not apply or should be relaxed in terms of the present situation.
The issue on this motion deals not with the discoverability of the report but with the appropriate procedure to be followed where there is a violation of the medical exchange rules. Here, the violation appears to be flagrant, since the report was available to plaintiff when he sought to restore the case to the calendar, but delayed production until both counsel appeared in Trial Term, Part I. Plainly, this was improper.
There is a clear distinction between discoverability under CPLR article 31 and the exchange of medical reports in advance of placement of a case upon the Trial Calendar under 22 NYCRR 208.13. The latter relates to the exchange of reports of treating or examining physicians, which is necessary to advance the function of the trial, narrow the issues, *906 prevent surprise and foster pretrial dispositions (Padilla v Damascus, 16 AD2d 71, 73). The former, broader in scope, authorizes issues in suit, regardless whether the expert will be called to testify at trial.
There is no question but that the medical report of Dr. Post is subject to the broad, liberal disclosure rules contained in CPLR article 31, in particular, CPLR 3121 (b). (See, Hoenig v Westphal, 52 NY2d 605; Pierson v Yourish, 122 AD2d 202; Moreno v Greater N. Y. Dental Adm’rs, 120 AD2d 343; Grueling v Breakey, 56 AD2d 540; Peritz v Kaye, 140 Misc 2d 224.) Under the principle expressed in these and other cases, medical records and reports are subject to production, regardless whether the party intends to call the physician as an expert witness (Moreno v Greater N. Y. Dental Adm’rs, supra; Grueling v Breakey, supra). Also consistent with the broad discovery afforded, a party may not frustrate disclosure by instructing the physician to delay or avoid rendering a written report (Pierson v Yourish, supra; Lebowitz v Cinberg, 94 Misc 2d 872), or by not requesting that medical information be exchanged (Hoenig v Westphal, supra).
The rules with respect to the exchange of medical information, distinct from the issue of discoverability, are set forth in section 208.13 of the Uniform Rules for Trial Courts. 22 NYCRR 208.13 provides in part as follows:
"(c) Copies of the reports of the physicians making examinations pursuant to this section shall be served on all other parties within 45 days after completion of the examination. * * *
"(g) In the event that the party examined intends at the trial to offer evidence of further or additional injuries or conditions, nonexistent or not known to exist at the time of service of the original medical reports, such party shall, within 30 days after the discovery thereof, and not later than 30 days before trial, serve upon all parties a supplemental medical report complying with the requirements of paragraph (1) of subdivision (b) and shall specify a time not more than 10 days thereafter and a place at which a further examination may be had. Further authorizations to examine and make copies of additional hospital records, other records, x-ray or other technicians’ reports as provided in paragraph (2) of subdivision (b) must also be delivered with the medical reports. Copies of the reports of the examining physicians, complying with the requirements of subdivision (c), shall be *907 served within 10 days after completion of such further examination. If any party desires at the trial to offer the testimony of additional treating or examining physicians, other than whose medical reports have been previously exchanged, the medical reports of such physicians, complying with the requirements of paragraph (1) of subdivision (b) shall be served upon all parties at least 30 days before trial.
"(h) Unless an order to the contrary is made or unless the judge presiding at the trial in the interests of justice and upon a showing of good cause shall hold otherwise, the party seeking to recover damages shall be precluded at the trial from offering in evidence any part of the hospital records and all other records, including autopsy or postmortem records, x-ray reports or reports of other technicians, not made available pursuant to this rule, and no party shall be permitted to offer any evidence of injuries or conditions not set forth or put in issue in the respective medical reports previously exchanged, nor will the court hear the testimony of any treating or examining physicians whose medical reports have not been served as provided by this rule. ” (Emphasis added.)
In our case, it is clear that there was a failure by plaintiff’s counsel in terms of the exchange of medical information in advance of trial. Dr. Post’s report states that he reviewed the hospital record, took X rays and examined the plaintiff on March 13, 1989. It does not refer to any other examination by any other physician. Nor does it appear whether there was a prior exchange of medical records or reports.
Under the circumstances, had the issue, tendered by defendant on this motion, been raised for the first time at trial, preclusion would be appropriate in light of plaintiff’s failure to adhere to the medical exchange rules. Failure to exchange the report of a treating or examining physician will result in an order precluding such an expert from testifying at trial. It has been held, however, that preclusion will not be ordered where the expert neither treated nor examined the party, i.e., where an expert is called to interpret and give an opinion as to certain records or test results which have been exchanged. Thus, in Whalen v Avis Rent A Car Sys. (138 Misc 2d 959), the Appellate Term, Second Department, held that it was error to disallow the trial testimony of a medical expert offered solely to interpret CAT scans of the plaintiff.
Recent cases have broadened the exception. In Kurth v Wallkill Assocs. (132 AD2d 529), the Appellate Division, Sec- *908 and Department, found no abuse of discretion in the trial court’s having permitted plaintiffs medical expert to testify, notwithstanding the failure to exchange that doctor’s report. It concluded that the physician’s testimony was "substantially” based upon X-ray reports, reports from the treating doctor and the hospital record, all of which had previously been exchanged. The memorandum decision also noted the not insignificant fact that plaintiffs treating physician had refused to testify as an expert witness.
In Rivera v City of New York (107 AD2d 331, appeal dismissed 66 NY2d 912), plaintiff offered the trial testimony of a medical expert who was called to read and explain the hospital record, which was in evidence and had been furnished to defendant prior to trial. Based upon that review, certain hypothetical questions were posed to elicit the physician’s opinion as to plaintiffs condition and its causal relationship with the accident. The expert formed his opinion based solely upon a review of the hospital record, which was confirmed by his examination of the plaintiff and a review of X rays which he had taken. In charging the jury, the trial court instructed that the basis for admitting the testimony was the doctor’s review of the records, not his examination. In affirming the judgment, the Appellate Division, First Department, distinguished its earlier holding in Kastner v Rodriguez (91 AD2d 950), where the trial testimony of two physicians, regarding examinations held a few days before the commencement of the trial, was excluded as a result of the failure to comply with the medical exchange rules. In Kastner, there was also a sharp disagreement whether the accident was the cause of plaintiffs injuries. This was found by the Rivera court to be a critical distinction. In Rivera, the nature of the injury and the necessity of surgical intervention were not in dispute and defendant called no expert, nor did it challenge the hospital record. In both cases, the physician claimed that he formed an opinion solely from a review of records and not from his medical examination. Notwithstanding the attempt to distinguish Kastner, it appears that the Rivera court did retreat from the strict rule which had been previously followed in that Department; it adopted, instead, the Second Department’s more flexible approach.
In this case, there is neither claim for proof that Dr. Post formed an opinion based solely upon his review of the hospital record and X rays. As far as appears, he acted in the capacity of an examining physician who rendered a report in the usual *909 preparation process, but which plaintiffs counsel sought to shield from defendant until the last moment — after the case was on the calendar and just before selection of a jury.
This flagrant violation of the letter and the spirit of the medical exchange rules warrants, in my view, the imposition of sanctions in accordance with the authority afforded the court by 22 NYCRR 130-1.1 et seq., notwithstanding the absence of any direct request for such relief by defendant. This court, sua sponte, may impose appropriate sanctions in a proper case (see, Gotham Air Conditioning Serv. v Heitner, 144 Misc 2d 430). In my view, this is such a case. While all of the reported decisions on the imposition of sanctions deal with an affirmative act, found to be frivolous, where, as here, the court rules require that certain action be taken, an omission may amount to frivolous conduct, sufficient to warrant the imposition of sanctions in a proper case. Bearing in mind the willful violation of the rule, the knowing restoration of the case to the calendar without the required exchange, the several court appearances thereafter, and the time expended in bringing on this motion, which required at least two court appearances, plaintiff’s attorneys shall pay to defense counsel the sum of $750 within 10 days after service of a copy of this order with notice of entry.
Notwithstanding the clear violation here, preclusion need not be directed since the actual trial is not imminent and an alternate remedy is available which would accord full relief to the defendant. As noted, the case has been adjourned to December 4, 1989. The situation here is different than in a case where the failure to conform to the medical exchange rules is discovered during trial. In such case, the resulting prejudice can only be alleviated by an order precluding the expert from testifying. Here, the adverse impact may more appropriately be lessened by affording the defendant an opportunity to conduct such other limited discovery as may be deemed appropriate, including an examination of Dr. Post’s medical records relating to this plaintiff and the X rays which he took. Further discovery shall be conducted with due dispatch at a time and place mutually agreed upon by counsel.
Inasmuch as the need for further, albeit limited, discovery has been directed, sua sponte, the note of issue and certificate of readiness are vacated and the case is stricken from the Trial Calendar. Upon completion of all pretrial and disclosure proceedings, the action may be restored to the calendar only *910 by motion, supported by proper papers and in strict compliance with applicable court rules.
Accordingly, upon the foregoing, defendant’s motion to preclude is granted only to the extent of permitting defendant to conduct further discovery as directed by this order and any further order of the court, the note of issue and certificate of readiness vacated and the case stricken from the Trial Calendar, with sanctions imposed upon plaintiffs attorneys, payable to defendant’s attorney within 10 days after service of a copy of this order with notice of entry, and is otherwise denied.