OPINION OF THE COURT
Joseph J. Sedita, J.
Defendant seeks the disclosure of plaintiff’s mental health records and plaintiff opposes same. Plaintiff was allegedly injured in an automobile accident involving a vehicle driven by the defendant.
It is settled law that a plaintiff seeking recovery for alleged *1057 physical injuries implicitly waives his right to object to the disclosure of his medical records to the extent that they might be relevant to the lawsuit under which he seeks a recovery (see, Hoenig v Westphal, 52 NY2d 605). It would seem axiomatic, therefore, that if psychological injuries were alleged, the plaintiffs mental health records would be discoverable.
A unique issue is, however, presented here in that the plaintiff is seeking a recovery for physical injuries and the defendant seeks to discover mental health records. We have found no case exactly on this point.
While exposure of medical records may reveal highly sensitive and personal information about an individual, the potential depth of privacy violation is far greater in the case of mental health records. As this court stated in Matter of State of New York (Off. of Mental Health Buffalo Psychiatric Center) (Civil Serv. Employees Assn.) (104 Misc 2d 1086, 1087): "these records represent a medical expedition into the mental processes of the patient. These records are in reality an imperfect mirror by which one can gaze into the reflected mind of the patient.”
The sensitivity of our society to such intrusions is reflected in section 33.13 of the Mental Hygiene Law which states in part:
"(c) Such information * * * shall not be released * * * except as follows:
"1. pursuant to an order of a court of record requiring disclosure upon a finding by the court that the interests of justice significantly outweigh the need for confidentiality”.
CPLR 4504 of course also establishes a statutory privilege protecting a patient’s records and communication with his physician.
While both these statutes erect walls to disclosure of this type of record, the wall is not unassailable given certain prerequisites which offset the privacy interests reflected in these statutes.
As we noted earlier, if plaintiff had alleged psychological injuries, we believe he would be deemed to have waived any objection to release of relevant mental health records. However, we have here allegations of physical injuries rather than mental injuries. This dichotomy would make a neat basis for distinguishing our present case, but this distinction would not fairly reflect reality. The border between one’s physical condition and mental condition is hardly clear and not at all *1058 distinct. In truth there is such overlap and even the experts would be hard pressed to draw exact lines. At the examination before trial of this plaintiff, he admitted to being a patient at the Buffalo Psychiatric Center just prior to and right after the accident. He also admitted to having been prescribed medication while at the facility. As the defendant aptly states in the memorandum of law submitted on his behalf, "The defendant must know how the plaintiff’s medication or lack thereof affected his physical and mental capability to judge, perceive and react to situations”.
While it cannot be said that any clear relationship has been demonstrated between the plaintiff’s treatment and the accident, enough has been shown to suggest the reasonable possibility that these records may contain relevant information which would aid in achieving a just result in this lawsuit.
Since the plaintiff claims no psychological injuries, and no clear evidence of relationship has been adduced, it would be an imprudent exercise of this court’s discretion to order the full release of all of plaintiff’s records. We feel that a more balanced approach is for the court to conduct an in camera inspection of these records to determine if any may be relevant to this lawsuit. This is the same approach which this court utilized in Matter of State of New York (supra). The defendant should have an opportunity prior to the in camera examination to outline the areas or types of information which might be possibly relevant. Plaintiff should have the opportunity to respond to defendant’s requests.
This approach, we feel, will achieve a proper balance between the plaintiff’s privacy rights and the defendant’s need to properly prepare a defense to this lawsuit.
Accordingly, the motion and cross motion are granted in part and denied in part.