■ JOHN J. DAVIDSON, Respondent, v STEER/PEANUT GALLERY, Appellant, et al., Defendants. [715 NYS2d 560] —Order unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings on the motion. Memorandum: Plaintiff commenced this personal injury action seeking damages for injuries that he sustained while trying to prevent the removal of a patron from The Steer/Peanut Gallery (defendant), a restaurant and bar. Defendant appeals from an order denying its motion to preclude plaintiff from offering medical testimony at trial based on plaintiff's failure to provide reports of "physicians that have treated the plaintiff in connection with the injuries and conditions for which discovery [sic] is sought" in response to defendant's discovery demand. Supreme Court erred in determining that plaintiff complied with the disclosure requirements of 22 NYCRR 202.17 (h) by providing defendant with authorizations for certain medical records. Although plaintiff responded to defendant's discovery demand by asserting that he did not have reports from physicians who examined him, he is not relieved of the obligation to ensure that the reports of physicians who examined him in connection with the litigation are

prepared, and to provide them to defendant (*see, Kelly v Tarnowski,* 213 AD2d 1054, 1055; *Pierson v Yourish,* 122 AD2d 202, 203). Having placed his physical condition in controversy, plaintiff "may not insulate from disclosure material necessary to the defense concerning that condition" (*Hoenig v Westphal,* 52 NY2d 605, 610). Therefore, having determined that plaintiff failed to comply with defendant's discovery demand, we reverse the order and remit the matter to Supreme Court for further proceedings on defendant's motion (*see,* CPLR 3126). (Appeal from Order of Supreme Court, Erie County, LaMendola, J.—Discovery.) Present—Hayes, J. P., Scudder, Kehoe and Lawton, JJ.