Comunale v Sealand Contrs. Corp. (2004 NY Slip Op 24023)

Comunale v Sealand Contrs. Corp.

2004 NY Slip Op 24023 [2 Misc 3d 672]

February 2, 2004

Supreme Court, Monroe County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, April 14, 2004

[*1]
Jessica Comunale, as Guardian of the Person and Property of James J. Comunale, 
 an Alleged Incapacitated Person, Plaintiff,
v
Sealand Contractors Corp., Defendant.
Supreme Court, Monroe County, February 2, 2004

APPEARANCES OF COUNSEL

Martin & Iati, LLP, Rochester (Janice M. Iati of counsel), for plaintiff. Ernstrom & Dreste, LLP, Rochester (Kimberly A. Steele of counsel), for defendant.

{**2 Misc 3d at 672} OPINION OF THE COURT

Robert J. Lunn, J.
{**2 Misc 3d at 673}This action was brought to recover for injuries sustained by plaintiff on September 26, 2002 as a result of a motorcycle accident. On September 16, 2003 and September 19, 2003, plaintiff was examined by Dr. John Turner Langfitt. Dr. Langfitt was retained as a consultant by defendant. At no time has defendant indicated that Dr. Langfitt will testify at trial as its medical expert. Additionally, Dr. Langfitt has not prepared a written report of his examination of plaintiff.
Plaintiff now moves, pursuant to CPLR 3124 and 22 NYCRR 202.17 (c), to compel defendant to provide a written report from Dr. Langfitt relative to plaintiff's independent medical examination. Defendant argues that it should not be obligated to provide plaintiff with Dr. Langfitt's written report for three reasons. First, no written report has been prepared by Dr. Langfitt. Second, at this time defendant does not intend to call Dr. Langfitt as a witness at trial. Third, defendant, unlike plaintiff, has not put its physical condition in controversy.
This case appears to be one of first impression as neither the court nor the litigants could find a prior decision involving these same facts, namely, a defendant who resists supplying a medical report of an examining doctor who has not prepared a written report and is not expected to testify at trial. However, courts have ordered plaintiffs to produce and exchange medical reports not then in existence or of examining doctors not to be called as witnesses at trial.
In Davidson v Steer/Peanut Gallery (277 AD2d 965 [4th Dept 2000]), the Fourth [*2]Department held that plaintiff failed to comply with 22 NYCRR 202.17 (h) when he did not ensure that a medical report was prepared by physicians who examined him and then provided to defendant. Likewise, the Second Department held in Pierson v Yourish (122 AD2d 202 [1986]) that "We also find the plaintiffs' claim that since no written report was prepared there is no obligation to disclose, without merit. The plaintiffs cannot 'frustrate disclosure by the simple expedient of asking the physician either to delay or not to render a written report' and thus negate the purpose and intent of the statutes governing discovery" (Pierson v Yourish, 122 AD2d 202, 203 [2d Dept 1986], quoting Lebowitz v Cinberg, 94 Misc 2d 872, 874 [1978]; see also Ciriello v Virgues, 156 AD2d 417, 418 [2d Dept 1989] ["(T)he fact that a report never was prepared does not obviate the party's obligation under the rules"]; Kelly v Tarnowski, 213 AD2d 1054 [4th Dept 1995] [failure to furnish medical report because examining doctor did not prepare one did not obviate {**2 Misc 3d at 674}plaintiff's obligation under 22 NYCRR 202.17 to provide one to defendant]).
These holdings are also justified in light of the express language of the controlling statute and rules promulgated thereunder. CPLR 3121 (b) provides: "A copy of a detailed written report of the examining physician setting out his findings and conclusions shall be delivered by the party seeking the examination to any party requesting to exchange therefor a copy of each report in his control of an examination made with respect to the mental or physical condition in controversy." 22 NYCRR 202.17 (c) provides: "Copies of the reports of the medical providers making examinations pursuant to this section shall be served on all other parties within 45 days after completion of the examination." It would seem implicit in both the statute's and rule's mandatory language requiring delivery or service of a medical report prepared by an examining physician that in addition a report must and shall be prepared before it can be delivered or served.
The fact that the examining doctor was not going to be called to testify at trial also has not excused a plaintiff from providing that doctor's medical report to defendant. In Moreno v Greater N.Y. Dental Adm'rs (120 AD2d 343 [1st Dept 1986]), the First Department required a plaintiff to provide defendant with the medical report from a consultant nontreating physician who was not going to be called to testify at trial. In ordering the disclosure, the First Department noted that the medical report exchange rules "advance the truth-determining function of trial and speedy disposition of cases . . . With the advent of liberal disclosure rules, there was an abandonment of the notion that the results of trial would be based on tactics or surprise; the outcome is to be based on the facts as developed through meaningful preparation prior to trial" (Moreno v Greater N.Y. Dental Adm'rs, 120 AD2d 343, 345 [1986]).
There is no reason that the rationale of these cases should not also apply to defendants. Consonant with the purposes of discovery and the notion that trials should not be conducted by ambush, defendants who seek to invoke their right to a medical examination of plaintiff should not have the option of not providing plaintiff with a report of the IME simply by designating the doctor as a consultant or not having the doctor prepare a written report. Otherwise, a defendant could conduct an examination which is favorable to plaintiff and not produce it, thereby prejudicing plaintiff and simultaneously undermining the truth seeking function of a trial.{**2 Misc 3d at 675}
Lastly, the fact that defendant, unlike plaintiff, has not put its physical condition in controversy does not excuse defendant's noncompliance with CPLR 3121 (b) and 22 NYCRR 202.17 (c). Here, defendant is a corporation so there could be no physical condition to place in [*3]controversy. Additionally, it would be the rare negligence case in which any defendant's physical or mental condition is ever in controversy.
For the foregoing reasons, plaintiff's motion is granted. Defendant is directed to obtain a detailed written report of the findings and conclusions of Dr. Langfitt based upon his examination of plaintiff. Defendant shall serve a copy of same upon the plaintiff within 30 days of service upon it of a copy of the order to be made hereon, with notice of entry. Plaintiff's attorney shall prepare an order in conformance with this decision on notice to defendant's attorney. The filing of the papers used on the motion is dispensed with pursuant to CPLR 2220 (a).