■ In the Matter of BENJAMIN MARINO, Respondent. NEW YORK STATE DEPARTMENT OF HEALTH, Appellant. [737 NYS2d 496] —Appeal from a judgment (denominated order) of Supreme Court, Niagara County (Koshian, J.), entered November 2, 2000, which granted the petition and ordered respondent to disclose all records pertaining to the adoption of petitioner.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the matter is remitted to Supreme Court for further proceedings in accordance with the following memorandum: Petitioner commenced this proceeding seeking to compel

respondent to provide him with all of the information in its possession pertaining to his adoption, including the identity of his biological parents and their medical histories. He is 64 years old and contends that he has medical conditions "for which knowledge of [his biological] parents' family medical history would be important and critical in [his] future care." Upon his request, petitioner was informed of the time of his birth and his physical condition at birth. In addition, he was provided with information concerning the age, ethnicity, marital status, educational achievements and employment status of his biological mother and father but was further informed that no medical history was available. Petitioner contends that disclosure of the names of his biological parents may enable him to locate relatives with knowledge of his medical history.

Supreme Court erred in granting the petition where, as here, petitioner failed to establish that he had an "immediate medical need" for the information sought (Domestic Relations Law § 114 [4]). "A rule which automatically gave full disclosure to any adopted person confronted with a medical problem with some genetic implications would swallow New York's strong policy against disclosure as soon as adopted people approached middle age" (*Golan v Wise Servs.,* 69 NY2d 343, 349). In the absence of such immediate medical need, petitioner was required to show good cause for the information sought (*see, Golan v Wise Servs., supra* at 345). Even assuming, arguendo, that the affidavits of petitioner and his physician's letter were sufficient to make a preliminary showing of good cause, we conclude that the court erred in granting the petition without appointing a guardian ad litem to access the records and to attempt to locate the biological parents. "[B]oth notice to the biological parents, if possible, or a guardian appointed to represent their interests, and a hearing, where necessary, at which interested parties may appear in person or through counsel, are required before a finding of good cause may be made and the adopted person granted the relief requested" (*Golan v Wise Servs., supra* at 345). The adoptive parents would also be entitled to notice (*see,* Domestic Relations Law § 114 [2]; *Matter of Linda F.M.,* 52 NY2d 236, 240-241, *appeal dismissed* 454 US 806). Petitioner alleges that they are deceased but has not provided proof to that effect. Only after the proper parties have been served with notice of the application and been given an opportunity to appear before the court or proof has been submitted that they are deceased parties would the court be in the position to determine "the degree of the adopted person's need for disclosure, the present wishes of the adoptive and biological parents, and the potential effects upon both sets of

parents and their families" (*Golan v Wise Servs., supra* at 347-348). We therefore reverse the judgment and remit the matter to Supreme Court for further proceedings in accordance with our decision herein. Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Kehoe and Burns, JJ.