In the Matter of CRAIG J.S.J., Appellant. [765 NYS2d 398] —Appeal from an order of Family Court, Onondaga County (Rossi, J.), entered February 21, 2002, which granted in part the motion of petitioner for access to the records of his adoption.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Family Court properly granted the motion of petitioner for access to the records of his adoption to the limited extent of directing the adoption clerk to furnish any medical information concerning petitioner's natural parents contained in such records, and properly denied the motion in all other respects. Petitioner failed to serve notice of the motion on the adoptive parents as required by Domestic Relations Law § 114 (2) (*see generally Matter of Marino,* 291 AD2d 849, 850 [2002]). Further, the affidavit of petitioner's treating physician fails to establish that petitioner suffers from a "serious physical or mental illness" (§ 114 [4]). Finally, the treating physician's affidavit recites only that "whatever information we may [obtain]" is "extremely important" in order to "effectively treat" petitioner's headaches. That affidavit fails to identify with sufficient particularity "the information required to address such illness" (*id.*). Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Lawton, JJ.

JOHN R. LONERGAN, Respondent, v SOMFY SYSTEMS, INC., Appellant, et al., Defendants. [765 NYS2d 810] —Appeal from an order of Supreme Court, Steuben County (Latham, J.), entered July 29, 2002, which, inter alia, denied the cross motion of defendant Somfy Systems, Inc. for summary judgment dismissing the complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs for reasons stated in decision at Supreme Court, Steuben County, Latham, J. Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Lawton, JJ.