■ In the Matter of TIMOTHY AA., an Adult Adoptee, Appellant. [899 NYS2d 433]—

Spain, J. Appeal from an order of the Surrogate's Court of Saratoga County (Siebert, Jr., S.), entered October 5, 2009, which, upon reconsideration, dismissed petitioner's application, in a proceeding pursuant to Domestic Relations Law § 114 (4), to unseal adoption records.

In 1995 petitioner, an adult adoptee, sought and obtained certain nonidentifying information regarding his biological parents, including a limited health history for his biological mother, from the state Adoption Information Registry. Thereafter, in 2009, petitioner commenced this proceeding seeking access to his sealed adoption records in order to obtain additional information regarding his biological parents' medical histories. Surrogate's Court denied petitioner's application, finding that petitioner did not demonstrate "good cause" (Domestic Relations Law § 114 [2]) for the requested information. Following petitioner's motion for reconsideration, Surrogate's Court again denied petitioner's request, prompting this appeal.

We affirm. Domestic Relations Law § 114 (2) provides, in relevant part, that "[n]o order for disclosure or access and inspec-

tion shall be granted except on good cause shown and on due notice to the adoptive parents and to such additional persons as the court may direct." Although "good cause" may be established on medical grounds via a certification from a physician licensed to practice in this state, such certification must indicate that the information sought is "required to address a serious physical or mental illness" and, further, must identify the particular medical information necessary to treat the illness in question (Domestic Relations Law § 114 [4]; *see Matter of Nan FF.*, 63 AD3d 1213, 1214 [2009]).

Here, although petitioner provided the required physician affidavits and secured waivers of notice from his adoptive parents, he nonetheless failed to demonstrate good cause for the requested relief. The affidavits indicate that having access to petitioner's family medical history would be "very helpful" and "should assist" the treating physicians in "better diagnos[ing]" and "more effectively" caring for petitioner and his children, but they do not establish that such information is required to treat a serious medical condition (*see Matter of Craig J.S.J.*, 309 AD2d 1284 [2003]; *compare Matter of Wilson*, 153 AD2d 748, 749 [1989]). Moreover, granting access to the biological parents' medical records any time an adoptee presented with a condition that had some genetic component or potential hereditary implication would undermine the confidentiality afforded by the statute (*see generally Matter of Linda F. M.*, 52 NY2d 236, 238-239 [1981], *appeal dismissed sub nom. Mason v Abrams*, 454 US 806 [1981]). Accordingly, Surrogate's Court properly dismissed petitioner's application.

Cardona, P.J., Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.